IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE CORBITT, Individually and on behalf of a Class of Similarly Situated Individuals,<br>    Plaintiff<br><br>            v.<br><br>TRUSTEES OF PRINCETON UNIVERSITY, PRINCETON UNIVERSITY BENEFITS COMMITTEE, AETNA LIFE INSURANCE COMPANY, and THE RAWLINGS COMPANY, LLC,<br>    Defendants | : : : : : : : : : : : : : : : : : | Civ. A. No. _____<br><br><br><br>Removed from the Montgomery County Court of Common Pleas, PA<br>No. 2021-00883 |

## NOTICE OF REMOVAL

Defendants Trustees of Princeton University ("Princeton University"), Princeton University Benefits Committee ("Benefits Committee"), Aetna Life Insurance Company ("Aetna"), and The Rawlings Company, LLC ("Rawlings") (all collectively, "Defendants"), hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1446, and 1453. Defendants remove this action from the Court of Common Pleas of Montgomery County, PA, Civil No. 2021-00883.

## THE REMOVED ACTION

1. On January 25, 2021, Plaintiff Andre Corbitt ("Plaintiff") filed a putative class action Complaint in the Court of Common Pleas of Montgomery County, PA, Civil No. 2021-00883. (Ex. "1", Compl.) In accordance with 28 U.S.C. § 1446, all subsequent process, pleadings, and orders are attached as Exhibit "2".

2. Princeton University received the Complaint via Federal Express on February 8, 2021. (*Id.*)

3.	The Benefits Committee received the Complaint via Federal Express on February 8, 2021.  (*Id.*)

4.	Aetna received the Complaint via Federal Express on February 8, 2021.  (*Id.*)

5.	Rawlings received the Complaint via Federal Express on February 8, 2021.  (*Id.*)

6.	The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), having been filed withing thirty days of receipt of the initial pleading, the Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

7.	No further pleadings have been filed, and no proceedings have yet commenced in the Pennsylvania state court action.

8.	This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 29 U.S.C. § 1132.

9.	Counsel for Plaintiff previously brought a similar action against Aetna, and Rawlings, in New Jersey state court, that was properly removed to the United States District Court for the District of New Jersey, and in which summary judgment was entered against those plaintiffs by the District Court of New Jersey, and affirmed by the United States Court of Appeals for the Third Circuit.  *Minerley v. Aetna, Inc.*, 801 F. App'x 861, 863 (3d Cir. 2020).

## THE COMPLAINT'S ALLEGATIONS

10.	Plaintiff filed a putative "Class Action Complaint" alleging that he suffered personal injuries, and received medical benefits pursuant to an employee benefit plan sponsored by Princeton University and administered by Aetna.  (Compl. ¶¶ 2, 11-13, 18, 21.)

11.	Plaintiff alleges that the Plan is an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), ERISA § 3(1), 29 U.S.C. § 1002(1), and that he is a "participant" in the Plan.  ERISA § 3(7) & 502(a); 29 U.S.C. §§ 1002(7) & 1132(a).

12. Plaintiff alleges that he received benefits under the Plan relating to injuries he sustained as a result of the actions of a third-party.

13. In 2016, Plaintiff filed a lawsuit against that purported tortfeasor to recover damages for "an injury-causing event wherein he sustained serious injuries and received benefits . . . ." (Compl. ¶ 21.)  That action was purportedly "resolve[d]," and "settle[d.]" (*Id.* ¶ 24.)

14. The Complaint avers that "Defendants are seeking reimbursement from the proceeds of the tort settlement . . . ." (*Id.* ¶ 25.)  Plaintiff contends that Aetna's subrogation efforts through Rawlings are unenforceable, but that in any event he "made payment to Defendants . . . ." (*Id.* ¶¶ 31, 36.)

15. Plaintiff alleges that he paid Defendants "in response to Defendants' reimbursement demands[,]" (*id.* ¶ 36), and that Defendants "recovered hundreds of thousands of dollars in repayment from Plaintiff and class members . . . ." (*Id.* ¶ 37.)

16. According to Plaintiff, N.J.S.A. 2A:15-97, the New Jersey Collateral Source Statute, "prohibits Defendants' repayment demands." (*Id.* ¶ 32.)

17. The Complaint alleges fifteen Counts, and seeks "Relief" on over 100 grounds, under ERISA, and New Jersey statutory and common law. (*Id.* ¶¶ 78-288.)

18. Plaintiff alleges "that there are hundreds of members in the proposed Class," and "hundreds of thousands of dollars in repayments as to which Defendants were not legally entitled." (*Id.* ¶¶ 67, 248.)

19. Plaintiff alleges to bring this action on behalf of a class "pursuant to Rule 23 of the Federal Rules of Civil Procedure[,]" defining the class as:

> All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and against whom the defendants wrongfully asserted liens and/or repayment from their personal injury settlement recoveries.

(*Id.* ¶ 66.)

## GROUNDS FOR REMOVAL

### A. This Court Has Federal Question Jurisdiction.

20. Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions that arise under the laws of the United States.

21. Thus, removal of a case from state court to federal court is appropriate where the case originally could have been brought in federal court. 28 U.S.C. § 1441(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

22. This case arises under the laws of the United States pursuant to ERISA, 29 U.S.C. §§ 1001, *et seq.*

23. Plaintiff's Complaint alleges that he "brings this civil enforcement action under Section 502(a) of [ERISA], 29 U.S.C. § 1132(a)." (Compl. ¶ 3.) Counts I and III-VIII explicitly assert causes of action pursuant to ERISA's comprehensive regulatory scheme, and the remaining state law causes of action all arise out of the same nucleus of common fact, *i.e.*, Defendants allegedly unlawful subrogation efforts. Therefore, this civil action arises under the law of the United States, namely 29 U.S.C. §§ 1001, *et seq.*, rendering removal proper pursuant to 28 U.S.C. § 1441. *See Houston v. Aramark Corp.*, 112 F. App'x 132, 133 (3d Cir. 2004) ("The District Court had federal question jurisdiction over the ERISA claims, 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claim, 28 U.S.C. § 1367.").

24. Indeed, this matter could have been brought in federal court as an action for benefits due under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (permitting a civil action to be brought "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]");

4

*Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (ERISA's civil enforcement provisions allow a plan participant or beneficiary to seek relief in federal court to recover benefits due, and to seek relief in "the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits.").

25. Moreover, this Court has supplemental jurisdiction over Plaintiff's state law claims, *see Houston*, 112 F. App'x at 133, but even if supplemental jurisdiction was lacking, this Court also possesses federal question jurisdiction over those claims because they are completely preempted by ERISA.

26. Federal courts have original jurisdiction where, as here, Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-63-64 (1987).

27. "ERISA's civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Davila*, 542 U.S. at 209 (quoting *Taylor*, 481 U.S. at 65-66).

28. The United States Supreme Court has observed that "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Davila*, 542 U.S. at 208 (quoting 29 U.S.C. § 1001(b); alterations in original).

29. In *Davila*, the Supreme Court stated that "ERISA's comprehensive legislative scheme includes an integrated system of procedures for enforcement. This integrated

enforcement mechanism, ERISA § 502(a), 29 U.S.C. § 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Id.* (quotations and citations omitted).

30. Thus, Congress' comprehensive ERISA framework for providing legal relief and access to federal courts "would make little sense if the remedies available to ERISA participants and beneficiaries under § 502(a) could be supplemented or supplanted by varying state laws." *Pilot Life Ins. Co.*, 481 U.S. at 56.

31. "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209 (citation omitted).

32. Plaintiff's New Jersey state law claims, which challenge Defendants' alleged improper use of subrogation with respect to benefits Plaintiff received pursuant to an ERISA-governed health plan, are, in reality, claims for benefits under ERISA § 502(a)(1)(B). *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005).

33. The United States Court of Appeals for the Third Circuit has held that "[w]here, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate." *Id*.

**DEFENDANTS COMPLIED WITH ALL REMOVAL REQUIREMENTS**

34. Defendants filed this Notice of Removal within thirty days of February 8, 2021, which is the first date any Defendant received notice of the initial pleading setting forth the claims for relief upon which this matter is based. *See* 28 U.S.C. § 1446(b).

6

35. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441(a), because this District includes the Montgomery County Court of Common Pleas, where this action was initially filed.

36. Pursuant to 28 U.S.C. § 1446(d), Defendants shall file the written notice of the filing of this Notice of Removal with the Montgomery County Court of Common Pleas.

37. Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of the filing of this Notice of Removal.

38. This notice has been signed by counsel for all Defendants, and all Defendants consent to, and join in, removal.

WHEREFORE, Defendants hereby give notice that the above entitled state court action, formerly pending in the Montgomery County Court of Common Pleas, PA, has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ John P. Elliott
Timothy T. Myers (PA 46959)
John P. Elliott (PA 82824)
Kyle M. Elliott (PA 306836)
Thomas B. Helbig, Jr. (PA 321470)
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
215.977.1000 (phone)/215.977.1099 (fax)
ttm@elliottgreenleaf.com
jpe@elliottgreenleaf.com
*Counsel for Defendants*

Dated: February 26, 2021

## **CERTIFICATE OF SERVICE**

I, John P. Elliott, hereby certify that on this day a copy of the Notice of Removal was served upon the following via email and First Class U.S. Mail:

Charles Kannebecker, Esquire
Derek Smith, Esquire
104 W. High Street
Milford, PA 18337
kannebecker@kannebeckerlaw.com
kannebecker@wskllawfirm.com
smith@kannebeckerlaw.com
*Counsel for Plaintiff Andre Corbitt and Proposed Putative Class Members*

/s/ John P. Elliott
John P. Elliott

Dated: February 26, 2021