# EXHIBIT 1

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

ANDRE CORBITT

vs.

TRUSTEES OF PRINCETON UNIVERSITY

NO.  2021-00883

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:  Derek Smith, Esq., ID: 321441

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**      [X] Yes      [ ] No

**MDJ Appeal**      [ ] Yes      [X] No          **<u>Money Damages Requested</u>** [X]

**<u>Commencement of Action</u>**:          **<u>Amount in Controversy</u>**:

Complaint          More than $50,000

## Case Type and Code

Contract: _____

Other _____

**Other:**      INSURANCE

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA**

ANDRE CORBITT, Individually and  :
on behalf of a Class of  :
Similarly Situated Individuals,  :
  :
        Plaintiff,  :
  :
    vs.  :  No. _____
  :
TRUSTEES OF PRINCETON UNIVERSITY,  :
PRINCETON UNIVERSITY BENEFITS  :
COMMITTEE, AETNA LIFE INSURANCE  :
COMPANY and THE RAWLINGS  :
COMPANY, LLC,  :
  :
        Defendants  :
  :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**CLASS ACTION COMPLAINT**

Plaintiff, Andre Corbitt, individually and on behalf of all other persons similarly situated, by counsel, allege the following for their class action complaint against Defendants.

**<u>INTRODUCTION</u>**

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq., ("ERISA"), to recover benefits due under an employees benefit plan and to recover costs, attorneys fees and relief as provided under ERISA.

2. Plaintiff, and all other similarly situated members of the class he seeks to represent, was covered by a health benefits plan sponsored by the Trustees of Princeton University and sustained personal injuries for which they sought recovery and have had reimbursement demands asserted against them by the

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

defendants. Defendants violated the Plan's terms by asserting reimbursement demands and by securing payment from Plaintiff's personal injury recoveries.

3. Plaintiff, who was a participant in the Plan during time periods relevant to this Complaint, brings this civil enforcement action under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), for plan-wide relief on behalf of a class consisting of all current and former Participants in the Plan who were covered by health plans sponsored by the Trustees of Princeton University under and subject to the laws of the State of New Jersey and who received health benefits as a result of personal injuries they sustained and as against whom the Defendants asserted reimbursement demands and from whom defendants secured repayment of the Class members in violation of the terms of the Plan.

4. Plaintiff brings this action on behalf of the Class pursuant to §502(a)(1), (2) and (3) of ERISA, 29 U.S.C. §1132. As more fully set forth below, Defendants also breached their fiduciary duties to the Participants, including those fiduciary duties set forth in ERISA Section 404, 29 U.S.C. § 1104, and Department of Labor Regulations, including 29 C.F.R. § 2550.

5. As a consequence, Plaintiff, and the members of the class he seeks to represent, are entitled to recover from Defendants damages, penalties, punitive damages, attorney fees, interest, costs and other such other and further relief as this Court may

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

deem just and proper.

## **PARTIES**

6. Plaintiff, Andre Corbitt, is an adult individual *sui juris*.

7. Plaintiffs, and other similarly situated members of the proposed class they seek to represent, were covered by health insurance plans sponsored by the Trustees of Princeton University and subject to the laws of New Jersey and sustained personal injuries for which they sought recovery and have had reimbursement demands asserted against them by the defendants and from whom repayment was secured.

8. Plaintiff brings this action on their own behalf and on behalf of all other persons similarly situated.

9. Defendant PRINCETON UNIVERSITY BENEFITS COMMITTEE (hereinafter "Committee") is the Plan Administrator of the Princeton Health Plan.

10. At all relevant times, the COMMITTEE exercised discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

11. Defendant AETNA LIFE INSURANCE COMPANY (hereinafter "Aetna") is a Claims Administrator of the Princeton Health Plan.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12. AETNA specializes in offering a broad range of services, including claims administration.

13. At all relevant times, AETNA exercised discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

14. Defendant THE RAWLINGS COMPANY LLC (hereinafter "Rawlings") is a third-party service provider providing subrogation services to the other Defendants herein.

15. RAWLINGS specializes in healthcare subrogation services.

16. At all times relevant hereto, RAWLINGS acted as an agent and servant on behalf of COMMITTEE and AETNA.

17. At all relevant times, Defendant RAWLINGS was a fiduciary of the Plan, as RAWLINGS exercised discretionary authority, control or responsibility for administration or management of the Plan and/or management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

18. At all relevant times, Defendants COMMITTEE, AETNA, and RAWLINGS each exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

19. Defendants, through their own actions or by their agents, asserted repayment demands against Plaintiff's personal injury recovery for benefits Plaintiff had received through health coverage in violation of New Jersey law.

20. Defendants, through their own actions or by their agents, asserted repayment demands against Plaintiff's personal injury recovery for benefits Plaintiff had received through health coverage in violation of the Princeton Health Benefits Plan.

**STATEMENT OF FACTS**

21. In 2016, Plaintiff Andre Corbitt was involved in an injury-causing event wherein he sustained serious injuries and received benefits under a health benefit plan subject to the laws of New Jersey.

22. As a result of the personal injuries Plaintiff Andre Corbitt sustained in his accident, he received medical benefits through his health benefits coverage sponsored by the Trustees of Princeton University and administered by Defendant COMMITTEE.

23. As a result of the injuries that Plaintiff sustained in the underlying injury-causing event, Plaintiff instituted claims for the personal injuries sustained therein and also secured settlement recoveries against the respective tortfeasors.

24. The insurer for the tortfeasor did resolve, settle and make payment to Andrew Corbitt in compensation for the personal

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

injuries he sustained in the injury-causing event.

25. Defendants are seeking reimbursement from the proceeds of the tort settlement to Plaintiffs pursuant to the Plan. See Exhibit "A".

26. Defendants, through their own actions or by their agents, mailed and/or faxed letters to Plaintiff's counsel representing him in his personal injury action asserting and seeking to collect on their purported right of reimbursement with regard to the Princeton Health Plan.

27. The Summary Plan Description for the Princeton Health Plan under which Andre Corbitt was insured provides in relevant part as follows:

**Subrogation**

In the event that you suffer an injury or sickness as a result of an alleged negligent or wrongful act or omission of a third party, the Princeton University Health Care Plan has the right to pursue subrogation against any person or insurer.

The Princeton University Health Care Plan will be subrogated and succeed to your right of recovery against any person or insurer. The Princeton Plan may use this right to the extent of the benefits under the Plan. You must agree to help the Princeton University Health Care Plan use this right when requested.

See "About Your Benefits" Summary Plan Description, p.13.

28. The aforementioned language appears only in a Summary Plan Description and does not appear in a Plan document, which is legally insufficient to authorize Defendants' repayment demands.

29. However, even if language within the Summary Plan Description were enforceable, members are not personally

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

responsible to repay the Plan for any benefits that the Plan paid as a result of injuries caused by other parties because the terms authorize only subrogation against third parties, not repayment against the members themselves.

30. Accordingly, the Plan under which Defendants demanded and recovered repayment against Plaintiff does not contain a repayment obligation requiring Plaintiff to repay the Defendant.

31. Further, even if the language of the Summary Plan Description was enforceable, the plan terms provide for only a right of subrogation. The plan terms do not permit or authorize a right of reimbursement against the member or the member's personal injury recovery directly.

32. Further, even if the language of the Summary Plan Description was enforceable, New Jersey law prohibits Defendants' repayment demands. The New Jersey Collateral Source Statute ("NJCSS") provides in relevant part that:

> In any civil action brought for personal injury or death, except actions brought pursuant to the provisions of P.L. 1972, c. 70 (C. 39:6A-1 et seq.), if a plaintiff receives or is entitled to receive benefits for the injuries allegedly incurred from any other source other than a joint tortfeasor, the benefits, other than workers' compensation benefits or the proceeds from a life insurance policy, shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award recovered by the plaintiff, less any premium paid to an insurer directly by the plaintiff or by any member of the plaintiff's family on behalf of the plaintiff for the policy period during which the benefits are payable.

N.J.S.A. 2A:15-97.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33. The New Jersey Supreme Court held that the collateral source rule embodied by the NJCSS does not "allow a health insurer, who expends funds on behalf of an insured, to recoup those payments through subrogation or contract reimbursement when the insured recovers judgment against a tortfeasor." *See Perreira v. Rediger*, 169 N.J. 399, 403 (2001).

34. Accordingly, the plan does not permit Defendants' repayment demands.

35. Further, New Jersey law prohibits Defendants' repayment demands against Plaintiff's and class members' personal injury recoveries for benefits Plaintiff and class members had received through their health coverage.

36. In response to Defendants' unlawful lien and repayment demands, Plaintiff Andre Corbitt, involuntarily and under protest, made payment to Defendants in response to Defendants' reimbursement demands.

37. Further, Defendants, through their own actions or by their agents, actually undertook long term and repeated actions that demanded repayment and actually recovered hundreds of thousands of dollars in repayment from Plaintiff and class members despite the plan not having any repayment obligation requiring Plaintiff or class members to repay Defendants.

38. Defendants acted pursuant to a common plan or design to recover repayment despite the Plan not having any repayment obligation requiring Plaintiff and class members to repay

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants and New Jersey law prohibiting Defendants from asserting repayment demands against Plaintiff's and class members' personal injury recoveries.

39. Defendants actively took part in the plan or design to recover repayment despite the Plan not having any repayment obligation requiring Plaintiff and class members to repay Defendants and New Jersey law prohibiting Defendants from asserting repayment demands against Plaintiff's and class members' personal injury recoveries.

40. Defendants furthered the plan or design by cooperating to recover repayment despite the Plan not having any repayment obligation requiring Plaintiff and class members to repay Defendants and New Jersey law prohibiting Defendants from asserting repayment demands against Plaintiff's and class members' personal injury recoveries.

41. Defendants ratified and adopted the actions to recover repayment by collecting repayment from Plaintiffs and keeping the money which they recovered from Plaintiff's repayment despite the Plan not having any repayment obligation requiring Plaintiff and class members to repay Defendants and New Jersey law prohibiting Defendants from asserting repayment demands against Plaintiff's and class members' personal injury recoveries.

42. Upon information and belief, Defendants AETNA and RAWLINGS are paid a percentage of the money which they recover through their lien and repayment demands and efforts.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

43. Defendants, through their conduct, actively and systemically recovered repayments from Plaintiff's and class members' personal injury recoveries to which they are not legally entitled.

44. Based on the specialized health benefit services and products Defendants offer, Defendants knew or should have known that their repayment demands were not authorized by the Plan.

45. Based on the specialized health benefit services and products Defendants offer, Defendants knew or should have known that their repayment demands were prohibited under New Jersey law.

46. Defendants' actions were part of a purposeful practice and plan to collect money from insureds when such a repayment demand was known to be unlawful.

47. Defendants made repeated and pervasive representations that Defendants were legally entitled to repayment as from Plaintiff's and class members' personal injury recoveries.

48. Defendants' actions were pursuant to a common policy and practice with respect to the Plaintiff and as to all other class members.

49. Defendants, through their conduct, actively, affirmatively and systematically misinformed the insureds that Defendants were entitled to repayment.

50. Defendants' statements regarding the enforcement of their repayment demands were false and misleading because the

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plan does not authorize and New Jersey law prohibits any repayment demands.

51. The repayment demands asserted by Defendants against Plaintiff are thus improper as matter of law.

52. Nevertheless, Defendants have refused to withdraw their demands for reimbursement of benefits despite the request from Plaintiffs to do so.

53. As a result of Defendants' demand, counsel for Plaintiff was forced to refuse to distribute to Plaintiff the money in dispute. Counsel is ethically bound to refuse to provide the funds to Plaintiff. Further, the policy leaves Plaintiff subject to suit and loss of benefits based on the dispute over the subject funds. Accordingly, Plaintiff is denied the payment, ownership and use of the dispute funds.

54. In consequence of the above, counsel for Plaintiff has refused Plaintiff the payment, ownership and use of his funds by paying those funds to Defendants.

55. Plaintiff has been deprived of the ownership, possession and use of the from the proceeds of their respective tort settlements by reason of the assertion of the reimbursement demands of Defendants. Plaintiff is further subject to suit and loss of future benefits as a result of Defendants' illegal assertion and claim for reimbursement.

56. It is believed, and therefore averred, that Defendants have illegally asserted claims for reimbursement or further

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

collected monies from the tort settlement or verdicts recovered in tort claims against not only Plaintiff herein, but also against other members of the Princeton Health Plan.

57. Defendants have wrongfully asserted reimbursement demands and continue to assert reimbursement demands from the proceeds of settlement or verdict of tort claims contrary to the policy.

58. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from Defendants as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

59. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

60. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to the policies and law.

61. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation.

62. Defendants have wrongfully kept and maintained the monies which it received from its liens and/or repayment demands from other injured insureds' personal injury recoveries even after Defendants was or became aware that all of those monies which it received was improper and unlawfully secured in violation of the Princeton Health Plan and New Jersey law.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

63. As a result of Defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to Defendants.

## CLASS ACTION ALLEGATIONS

**A.   DEFINITION OF THE CLASS**

64. Plaintiff, and the other similarly situated individuals, constitute a class within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

65. Plaintiff brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and members of class and subclasses similarly situated.

66. The Classes are defined herein as follows:

i. All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and against whom the defendants wrongfully asserted liens and/or repayment from their personal injury settlement recoveries.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ii.  All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and who suffered damages through their repayment or other economic loss as a result of defendants' assertion and demand for repayment against their settlement recoveries;

iii. All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and to whom Defendants represented that they were entitled to repayment from said person's personal injury recoveries;

iv. All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and to whom the defendants represented that they were obligated to make repayment as from Plaintiff's personal injury recoveries;

v. All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and as against whom defendant demanded repayment without reducing their repayment demand or recovery by the pro-rata share attorney fees and expenses that the person incurred in their underlying litigation and who suffered harm and damages.

vi. All persons covered by the Princeton Health Plan who received personal injury recoveries from an injury causing incident and as against whom defendant demanded repayment before the person had first been made whole and fully compensated for all of their damages and losses and who suffered harm and damages.

**B.**   **NUMEROSITY**

67. The Class is so numerous as to render joinder of all members impracticable because the Plan is composed of at least 5 component health plans that cover thousands of members. The identities of a majority of the Class members are presently unknown but are ascertainable through appropriate discovery. Plaintiffs reasonably believes that there are hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by Defendants and may be notified of the pendency of this action by mail, or the internet or publication using the form of notice similar to that customarily used in class actions.

**C.**   **TYPICALITY**

68. Plaintiffs' claims are typical of the claims of other members of the Class. All such claims arise out of the Defendants' wrongful assertion of liens and/or reimbursement demands against the personal injury recoveries of Plaintiffs and the proposed Class members. Plaintiffs and the proposed Class members have suffered a common injury arising out of the Defendants' common course of conduct as alleged herein.

**D.**   **EXISTENCE AND PREDOMINANCE OF COMMON ISSUES**

69. Common questions of law and fact are applicable to all members of the Class and predominate over any questions that might solely affect individual members of the class.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

70. The common questions of law and fact arise from and concern the following facts and actions:

  a.  all Class members are covered by self-funded health benefits plan sponsored by Princeton under and subject to the laws of the State of New Jersey;

  b.  all Class members received health benefits from the the self-funded health benefits plan sponsored by Princeton as a result of personal injuries they sustained; and

  c.  the Defendants asserted liens and/or reimbursement demands to all of the Class members in violation of the Plan language.

  c.  the Defendants asserted liens and/or reimbursement demands to all of the Class members in violation of New Jersey law.

71. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**E.**  **SUPERIORITY**

72. A class action is superior to other available methods for a fair and efficient adjudication of this controversy because individual joinder of all members of the Class is impractical. Furthermore, damages suffered by members of the Class may be relatively small when compared to the expense and burden of individual litigation, which would make it difficult or impossible for individual members of the Class to obtain relief. The interests of judicial economy favor adjudicating the claims of the Class on a classwide basis rather than an individual

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

basis. There will be no difficulty in the management of this action as a class action.

**F.   ADEQUATE REPRESENTATION**

73. Plaintiff will fairly and adequately protect and represent the interests of the Class and have no interest antagonistic to, or in conflict with, those of other Class members.

74. Plaintiff is willing and prepared to serve the proposed Class in a representative capacity with all the obligations and duties material herein.

75. Plaintiff has the time and resources to prosecute this action and have retained qualified counsel who have had extensive experience in matters involving the rights of insureds and federal court litigation. Plaintiffs intend to prosecute this action vigorously for the benefit of the Class.

**G. RISKS OF INCONSISTENT OR VARYING ADJUDICATION**

76. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members. Separate actions by individual members of the Class would create a risk that adjudication of disputed issues of law or fact as to some of the former non-bargaining unit employees would be binding upon other Class members not party to the adjudication, or would otherwise substantially impair or impede their ability to protect their interests.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

77. Pursuant to Federal Rule of Civil Procedure 23, the Class meets all the requirements for class certification.

## COUNT I
## VIOLATION OF THE TERMS OF THE INSURANCE POLICY

78. Plaintiff, on behalf of himself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

79. RAWLINGS, acting as an agent for COMMITTEE and AETNA, asserted and continues to assert, demand for repayment for the benefits which the plan paid as against Plaintiff's and Class Members' personal injury recoveries.

80. In asserting such reimbursement demands, RAWLINGS acted at the direction and behest, and with the permission and consent, of COMMITTEE and AETNA.

81. In asserting such reimbursement demands, RAWLINGS acted within the course and scope of its retention by, and agency of, COMMITTEE and AETNA.

82. The plan terms provide, in relevant part:

**Subrogation**

In the event that you suffer an injury or sickness as a result of an alleged negligent or wrongful act or omission of a third party, the Princeton University Health Care Plan has the right to pursue subrogation against any person or insurer.

The Princeton University Health Care Plan will be subrogated and succeed to your right of recovery against any person or insurer. The Princeton Plan may use this right to the extent of the benefits under the Plan. You must agree to help the Princeton University Health Care Plan use this right when

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

requested.

*See* "About Your Benefits" Summary Plan Description, p.13.

83. Accordingly, the plan terms provide for a right of subrogation. The plan terms do not permit or authorize a right of reimbursement against the member or the member's personal injury recovery directly.

84. Defendants' assertion of reimbursement demands as against Plaintiff's and Class Members' personal injury recoveries is a violation of the plan terms.

85. By taking the actions described above, Defendants violated the rights of Plaintiff. Specifically, under the Plan, Plaintiff has rights to health benefits that are not subject to repayment. Accordingly, Defendants' demands for repayment infringes upon and is in derogation of those rights.

86. Defendants' repudiation of the terms of the employee welfare benefit plan is actionable in this Court under ERISA § 502, 29 U.S.C. § 1132, which allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

87. Additionally, a participant suing under this provision is entitled to interest on any retroactive amounts awarded.

88. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

89. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

90. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to the policies and law.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

91. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation.

92. As a result of Defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to Defendants.

93. As a result of Defendants' violation of the terms of the plan, Plaintiff is entitled to relief as against the defendants.

94.  Further, Plaintiff and each Plan member and member of the class, is entitled to a declaration that Defendants:

a)   have no right of reimbursement from class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health defendant had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

b)   have no right of reimbursement without reducing its

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

c)   have no right of reimbursement before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law.

d)   have no right of reimbursement wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation.

95.  The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

96.  The controversy involves substantial rights of the parties to the action.

97.  The controversy poses an issue for judicial determination by this Court at this time.

98.  A judgment of this Court in this action will serve a useful purpose in clarifying and settling the legal relations at issue between the parties.

99.  A judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

100. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages  which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

101. Plaintiff and each member of the class is entitled to a declaration as to the propriety of Defendants' actions alleged herein.

## COUNT II
## CLAIMS FOR VIOLATION OF NEW JERSEY LAW

102. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

103. AETNA and RAWLINGS, acting as agents for TRUSTEES and COMMITTEE, asserted and continue to assert a lien and/or demand for repayment for the benefits which the Princeton Health Plan paid as against Plaintiffs' personal injury recoveries.

104. In asserting such liens and/or demands for repayment, AETNA and RAWLINGS acted at the direction and behest, and with the permission and consent, of TRUSTEES and COMMITTEE.

105. In asserting such liens and/or demands for repayment, AETNA and RAWLINGS acted within the course and scope of its retention by, and agency of, TRUSTEES and COMMITTEE.

106. Pursuant to N.J.S.A. 2A:15-97, Defendants are prohibited from asserting liens and/or reimbursement claims.

107. Defendants' assertion of liens and/or demands for repayment as against Plaintiff's personal injury recoveries is a violation of N.J.S.A. 2A:15-97.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

108. As a result of Defendants' violation of N.J.S.A. 2A:15-97, Plaintiffs are entitled to relief as against the defendants.

## COUNT III
## BREACH OF FIDUCIARY DUTY - DUTY OF LOYALTY

109. Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

110. At all relevant times, Defendants were fiduciaries of the Plan, as Defendants exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

111. At all relevant times, Defendants exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

112. ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), imposes on Plan fiduciaries a duty of loyalty, that is, a duty to discharge her duties with respect to a Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

113. As fiduciaries of the Plan, Defendants were obligated to discharge their duties solely in the interests of Plaintiffs, who are Plan participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and beneficiaries.

114. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), participants and beneficiaries may sue "to enjoin any act or practice which violates any provision of this subchapter [e.g., fiduciary provisions] or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan."

115. Instantly, Defendants exercised discretionary authority, control or responsibility in their role as fiduciaries for their own benefit, interest and advantage.

116. Further, Defendants had a conflict in that Defendants, in the exercise of their discretionary authority, control and responsibility as fiduciaries with a fiduciary duty to the Plaintiff and Class Members, placed themselves into position to make decisions and take actions, and then did make decisions and took actions, that pitted Defendants' interests against those of the Plaintiff and Class Members to whom Defendants owed a fiduciary duty.

117. Defendants breached their duty to avoid conflicts of interest by administering the Plan in a way favorable to

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

themselves and adversely to the participants and beneficiaries and by otherwise placing their own interests above the interests of the participants and beneficiaries.

118. More specifically, if Defendants pursued and secured reimbursement money from Plaintiff and Class Members, the reimbursement money Defendants received from Plaintiff and Class Members would go to Defendants. Accordingly, there was a "sum zero" scenario in which either Defendants would take money or the Plaintiff and Class Members would keep money.

119. Defendants placed themselves into a position to make decisions and to take actions whether reimbursement against the Plaintiff and Class Members was proper and then whether to pursue reimbursement against Plaintiff and Class Members.

120. In sum, in its role as a fiduciary to Corbitt, Defendants had to decide who would get money - Defendants or Corbitt - and Defendants chose themselves.

121. Even further, Defendants not only breached their duty to avoid conflicts of interest, Defendants acted in actual conflict with Plaintiff and Class Members.

122. In that regard, Defendants further breached their fiduciary duty of loyalty to Corbitt and the class members by exercising discretionary authority, control and responsibility through their actions to pursue and recover reimbursement from Plaintiff and Class Members when such actions were in violation of the law and in violation of the Employee Welfare Benefit Plan.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

123. Defendants not only breached their duty to avoid conflicts of interest but acted in actual conflict with ERISA beneficiaries by demanding and taking money in reimbursement from ERISA beneficiaries wherein Defendants did not reduce their reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation in violation of the Employee Benefit Plan.

124. Defendants not only breached their duty to avoid conflicts of interest but acted in actual conflict with ERISA beneficiaries by demanding and taking money in reimbursement from ERISA beneficiaries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses.

125. Defendants not only breached their duty to avoid conflicts of interest but acted in actual conflict with ERISA beneficiaries by demanding and taking money in reimbursement from ERISA beneficiaries wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation.

126. Defendants' pursuit, enforcement and collection of liens from ERISA beneficiaries as aforesaid violated its fiduciary duty to Plaintiffs with each act constituting its own violation and claim or cause of action in its own right.

127. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiff and Class Members

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

have already, and will continue to, suffer actual harm in the absence of relief.

128.   Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), and ERISA §404, 29 U.S.C. §1104(a), Defendants in this Count are liable to restore the losses caused by their breaches of fiduciary duties.

129. As a result of defendants' violation of the fiduciary duty, Plaintiffs are entitled to relief as against the defendants.

130. The actions of the defendant are a breach of ERISA, the underlying policy and of the Employee Welfare Benefit Plan which has caused ERISA beneficiaries insureds to suffer losses as a result.

131. As a result of defendants' wrongful reimbursement demands and actions, Plaintiff and ERISA beneficiary class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances, and payment of money from their tort recoveries to the defendant.

132. Each Defendant is jointly liable for the acts of the other Defendants as a co-fiduciary.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## COUNT IV
## BREACH OF FIDUCIARY DUTY - DUTY TO DISCLOSE

133. Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

134. At all relevant times, Defendants were fiduciaries of the Plan, as they exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

135. At all relevant times, Defendants exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

136. ERISA imposes a duty to Disclose Complete and Accurate Information and to avoid misrepresentations.

137. ERISA fiduciaries have a duty to disclose complete and accurate information about benefits to plan beneficiaries.

138. ERISA fiduciaries may not affirmatively make material misrepresentations and may not strategically withhold material information.

139. A plan administrator may not materially misrepresent, either negligently or intentionally, modifications to an employee pension benefits plan. Put simply, when a plan administrator speaks, it must speak truthfully.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

140. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), participants and beneficiaries may sue "to enjoin any act or practice which violates any provision of this subchapter [*e.g.*, fiduciary provisions] or the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan."

141. Defendants made repeated and pervasive representations that Defendants were legally entitled to repayment as from Plaintiff's personal injury recoveries.

142. Defendants, through their conduct, actively, affirmatively and systematically misinformed their insureds that it was entitled to reimbursement from the insureds' respective personal injury recoveries.

143. Defendants, through their conduct, actively and systemically recovered from their insureds literally millions of dollars in repayments as to which Defendants were not legally entitled.

144. The Defendants continuously, systematically, and inaccurately did not disclose to Plaintiff and Class Members that DEFENDANTS were not entitled to reimbursement: wherein the defendant did not reduce its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation in violation of the Employee Benefit Plan; before the class

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

plaintiff insureds had first been made whole and fully compensated for all of their damages and losses; and wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation in violation of the Employee Benefit Plan.

145. Defendants' disclosures to Andre Corbitt and the class members were inaccurate as being both contrary to law and contrary to the Employee Welfare Benefits Plan.

146. Plaintiff Andre Corbitt and class ERISA beneficiaries are legally entitled to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a).

147. Furthermore, as an ERISA fiduciary with a duty to disclose complete and accurate information to ERISA beneficiaries, Defendants are required to notify and disclose to Andre Corbitt and all class ERISA beneficiaries against whom it asserted reimbursement or received reimbursement repayment, that Defendants were not entitled to reimbursement: wherein the defendant did not reduce its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation in violation of the Employee Benefit Plan; before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses; and wherein the class plaintiff insureds had not recovered medical expenses in

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

their underlying litigation in violation of the Employee Benefit Plan.

148. Defendants' conduct, as set forth above, violated their fiduciary duty to Plaintiffs.

149. Pursuant to ERISA §404, 29 U.S.C. §1104(a), Defendants are liable to restore the losses caused by their breaches of fiduciary duties.

150. The actions of Defendant are a breach ERISA which has caused Andre Corbitt and other class members to suffer losses as a result.

151. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs will continue to suffer actual harm in the absence of relief.

152. Each Defendant is jointly liable for the acts of the other Defendants as a co-fiduciary.


### COUNT V
### BREACH OF FIDUCIARY DUTY - DUTY TO ACT IN ACCORDANCE WITH THE DOCUMENTS GOVERNING THE PLAN

153. Plaintiffs, on behalf of themselves and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

154. At all relevant times, Defendants were fiduciaries of the Plan, as they exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan within the meaning of ERISA.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

155. At all relevant times, Defendants exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

156. Under ERISA, ERISA fiduciaries are specifically charged with the fiduciary duty to act in accordance with the documents governing the plan. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

157. Defendants' conduct as previously set forth constitutes a failure to act in accordance with the documents governing the Plan.

158. Defendants' conduct, as set forth above, constitutes a violation of Defendants' fiduciary duty under ERISA § 404, 29 U.S.C. § 1104.

159. Pursuant to ERISA §404, 29 U.S.C. §1104(a), Defendants are liable to restore the losses caused by their breaches of fiduciary duties.

160. The actions of Defendant are a breach ERISA which has caused Andre Corbitt and other class members to suffer losses as a result.

161. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs will continue to suffer actual harm in the absence of relief.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

162. Each Defendant is jointly liable for the acts of the other Defendants as a co-fiduciary.

### COUNT VI
### BREACH OF FIDUCIARY DUTY - FAILURE TO ACT IN ACCORDANCE WITH ERISA COMMON LAW

163. Plaintiff, on behalf of herself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

164. At all relevant times, Defendants were fiduciaries of the Plan, as they exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

165. At all relevant times, Defendants exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

166. Under ERISA, ERISA fiduciaries are specifically charged with the fiduciary duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

167. Further, under ERISA, ERISA fiduciaries are charged with the fiduciary duty to act in accordance with the provisions of ERISA.

168. Defendants failed to reduce their reimbursement demands or recoveries by the pro-rata share of attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to law; by seeking recovery and collecting reimbursement before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law; and by seeking recovery and collecting reimbursement for medical expenses even though the class plaintiff insureds had not recovered medical expenses in their underlying litigation, contrary to law.

169. Defendants' conduct, as set forth above, violated their fiduciary duty to Plaintiffs.

170. Pursuant to ERISA §404, 29 U.S.C. §1104(a), Defendants are liable to restore the losses caused by their breaches of fiduciary duties.

171. The actions of Defendant are a breach ERISA which has caused Andre Corbitt and other class members to suffer losses as a result.

172. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs will continue to suffer actual harm in the absence of relief.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

173. As a result of Defendants' violation of the fiduciary duty, Plaintiff and Class Members are entitled to relief as against Defendants.

174. Each Defendant is jointly liable for the acts of the other Defendants as a co-fiduciary.

**COUNT VII**
**BREACH OF FIDUCIARY DUTY – DEFENDANTS' FAILURE TO ESTABLISH AND/OR FOLLOW REASONABLE CLAIMS PROCEDURES**

175. Plaintiffs, on behalf of themselves and other persons similarly situated, repeat and re-allege the allegations of the preceding paragraphs as if fully restated herein.

176. At all relevant times, Defendants were fiduciaries of the Plan, as they exercised discretionary authority, control or responsibility for administration or management of the Plan and management or disposition of Plan within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

177. At all relevant times, Defendants exercised final discretionary authority, control and/or responsibility for administration or management of the Plan and management or disposition of Plan assets within the meaning of ERISA. ERISA § 3(21)(A)(i)-(iii), 29 U.S.C. § 1002(21)(A)(i)-(iii).

178. ERISA imposes a duty to disclose complete and accurate information.

179. Further, ERISA fiduciaries are specifically charged with the fiduciary duty to act in accordance with the documents governing the plan. ERISA § 404(a)(1)(D), 29 U.S.C. §

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1104(a)(1)(D).

180. Further, ERISA fiduciaries are specifically charged with the fiduciary duty to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

181. Further, ERISA fiduciaries are charged with the fiduciary duty to act in accordance with the provisions of ERISA.

182. Under ERISA, every employee benefit plan shall establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

183. In that regard, in order for the appeals procedures to be deemed reasonable, every employee benefit plan must, among other requirements, contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants

184. In the event that a plan fails to establish and follow reasonable claims procedures, a claimant shall be deemed to have exhausted the administrative remedies available under the plan

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim. 29 CFR § 2560.503-1(l).

185. As demonstrated herein, the plan has failed to establish and follow reasonable claims procedures as it relates to the plan's claim for reimbursement against Plaintiff.

186. First, the plan did not follow its administrative processes or safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents.

187. As previously demonstrated, the plan documents provide only that the plan is permitted to assert a right of subrogation against a third party and do not permit claims for reimbursement directly against the insured.

188. The plan did not follow its administrative processes or safeguards designed to ensure that the plan complies with its own terms that it is only permitted to assert a subrogation claim against a third party and not a reimbursement claim directly against an insured.

189. Further, the plan documents do not permit any claim by the plan, whether through reimbursement demands or otherwise, without first reducing the plan's claim by attorney fees and expenses, ensuring the insured was made whole through her personal injury recovery against the third-party, and

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

ascertaining whether the insured had recovered medical expenses from the third party in her personal injury recovery.

190. The plan did not follow its administrative processes or safeguards designed to ensure that when the plan asserts any claim, whether through reimbursement demands or otherwise, that the plan reduces its claim by attorney fees and expenses, ensures the insured was made whole through her personal injury recovery against the third-party, and ascertains whether the insured had recovered medical expenses from the third party in her personal injury recovery.

191. Instead, in determining whether to assert its claims for reimbursement against its own insureds, Defendants adhered to an across-the-board policy that it will pursue reimbursement directly against its insured rather than against the third party responsible for its insured's injury in accordance with the plan terms.

192. This policy to pursue reimbursement directly against its insured rather than against the third party responsible for its insured's injury is the result of Defendants' placement of its own financial interests before its insureds' financial interests.

193. Specifically, Defendants' policy to pursue reimbursement directly against its insured rather than against the third party responsible for its insured's injury exists solely because it is cheaper and easier for the plan to shift the

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

burden and expense of hiring counsel onto its own insureds than it is for the plan to pursue the subrogation rights it bargained for under the plan terms.

194. Accordingly, the plan did not follow its administrative processes or safeguards designed to ensure and to verify that its decision to seek reimbursement was made in accordance with governing plan documents, but instead determined that it was entitled to reimbursement against Plaintiff according to its own motivation to place its own financial interests before its insureds' financial interests.

195. Second, the plan did not follow its administrative processes when it failed to provide Plaintiff a Notice of Adverse Benefits Determination as required by ERISA and federal regulations.

196. ERISA requires that, in the event the plan makes an adverse benefits determination, the claimant must be provided a written or electronic notification of any adverse benefit determination with the following content:

(i) The specific reason or reasons for the adverse determination;

(ii) Reference to the specific plan provisions on which the determination is based;

(iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

under section 502(a) of the Act following an adverse benefit determination on review;

(v) In the case of an adverse benefit determination by a group health plan -

> (A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request;

29 CFR § 2560.503-1(g).

197. Defendants did not issue any notice of an adverse benefits determination in compliance with ERISA requirements.

198. Defendants did not issue any Notice of Adverse Benefits Determination at all.

199. Defendants did not provide any notice of adverse benefits determination advising Plaintiff that he must utilize the Plan's appeal process if he disputed Defendants' decision to seek reimbursement of benefits paid to Plaintiff from her tort recovery.

200. Indeed, Defendants did not provide any notice or document to Plaintiff informing him that he was even permitted to appeal Defendants' decision to seek reimbursement of benefits paid to Plaintiff from his tort recovery.

201. Without being provided the proper notice of adverse benefits determination in accordance with ERISA, Plaintiff was not apprized of the proper procedures contained in the governing

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plan document for appealing Defendants' decision to seek
reimbursement of benefits paid to Plaintiff from his tort
recovery or if an appeal of this type of decision was even
required.

202. Accordingly, the plan failed to follow ERISA or the
plan document's terms regarding adverse benefits determinations
when it failed to issue a Notice of Adverse Benefits
Determination to Plaintiff informing Plaintiff that the plan's
appeal procedures were available to him, what those appeal
procedures were, and the time limits applicable to those
procedures.

203. In sum:

- The plan did not follow its administrative processes or
  safeguards designed to ensure and to verify that its
  decision to seek reimbursement was made in accordance
  with governing plan documents, in violation of 29
  C.F.R. § 2560.503-1(b)(5);

- The plan did not follow ERISA or the plan document's
  terms regarding adverse benefits determinations when it
  failed to provide Plaintiff a Notice of Adverse
  Benefits Determination as required by ERISA and federal
  regulations. 29 C.F.R. § 2560.503-1(f).

204. Accordingly, for the aforementioned reasons, the plan
failed to establish and/or follow reasonable claims procedures
governing the notification of benefit determinations and the
appeal of adverse benefit determinations under ERISA.

205. As previously stated, where a plan fails to establish
and/or follow reasonable claims procedures, a claimant shall be
deemed to have exhausted the administrative remedies available

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act. 29 CFR § 2560.503-1(l).

206. As a result of the aforementioned violations of their fiduciary duty, Plaintiff has been denied meaningful access to the Plan's administrative procedures and denied a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision to seek reimbursement of Plaintiff's benefits.

207. Further, as a result of Defendants' aforementioned actions and failures, Defendants have violated their fiduciary duties under ERISA of disclosing complete and accurate information, acting in accordance with the documents governing the plan, acting with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, and acting in accordance with the provisions of ERISA.

208. Pursuant to ERISA §404, 29 U.S.C. §1104(a), Defendants are liable to restore the losses caused by their breaches of fiduciary duties.

209. The actions of Defendant are a breach ERISA which has caused Andre Corbitt and other class members to suffer losses as a result.

210. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plaintiffs will continue to

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

suffer actual harm in the absence of relief.

211. Each Defendant is jointly liable for the acts of the other Defendants as a co-fiduciary.

**COUNT VIII**
**BREACH OF FIDUCIARY DUTY – DUTY TO ACT IN ACCORDANCE WITH THE ERISA STATUTE**

212. Plaintiff, on behalf of himself and other persons similarly situated, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

213. ERISA carefully delineates the roles of the Plan Sponsor, responsible for the establishment of the written Plan document, and the Plan Administrator, responsible for creating and distributing the Summary Plan Description.

214. ERISA requires that the Trustees, as the Plan Sponsor, establish and maintain an employee benefit plan pursuant to a "written instrument," *See* 29 U.S.C. § 1002(1); 29 U.S.C. § 1002(16)(B); 29 U.S.C. § 1102(a)(1), by which Defendant COMMITTEE, as the named Plan Administrator, is to operate the Plan.

215. Further, ERISA requires Defendant COMMITTEE, as the Plan Administrator, to create and distribute a Summary Plan Description that accurately summarizes the contents of the "written instrument" created by the Plan Sponsor Trustees, including, but not limited to, important Plan provisions, names and addresses of persons responsible for Plan investment or

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

management, a description of benefits, the circumstances that may result in disqualification or ineligibility and the procedures to be followed in presenting claims for benefits under the plan. 29 U.S.C. § 1022(b).

216. At all times relevant hereto, the Trustees did not create or formally adopt a "written instrument" with terms permitting Defendants to assert demands for repayment against Plaintiff and class members.

217. Instead, Defendant COMMITTEE unilaterally inserted terms into its Summary Plan Description stating that the Plan permitted Defendants to assert demands for repayment against Plaintiff and class members when in fact there was no "written instrument" adopted by the Plan Sponsor Trustees that actually permitted such demands for repayment against Plaintiff and class members.

218. Because the Summary Plan Description, created by Defendant COMMITTEE, contained terms in its Summary Plan Description purportedly permitting Defendants to assert demands for repayment against Plaintiff and class members when in fact there was no "written instrument" adopted by the Plan Sponsor Trustees that actually permitted such demands for repayment against Plaintiff and class members, the documents and the instruments purportedly governing the Plan were inconsistent with the provisions of subchapter I of ERISA.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

219. ERISA's requirement that the Summary Plan Description accurately *summarize* important Plan provisions contained in the "written instrument" created or adopted by the Plan Sponsor Trustees does not permit Defendant COMMITTEE to indirectly set Plan terms by furnishing a Summary Plan Description that it created and contends constitutes the binding terms of the Plan.

220. Defendant COMMITTEE effectively circumvented the requirement that the Summary Plan Description accurately summarize important Plan provisions, such as terms authorizing demands for repayment against Plaintiff and class members, by unilaterally labeling the Summary Plan Description as the Plan Document for the Plan.

221. By labeling the Summary Plan Description as the Plan Document and conflating a plan and a summary plan description as a single document, Defendant COMMITTEE violated ERISA's requirement that the Plan Sponsor establish the written instrument by which the Plan operates and the Plan Administrator create and distribute a summary plan description summarizing important provisions contained that written instrument.

222. Further, by labeling the Summary Plan Description as the Plan Document and conflating a plan and a summary plan description as a single document, Defendant COMMITTEE violated ERISA's requirement that the summary plan description embody clear, simple communication to plan beneficiaries regarding Plan terms.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

223. By labeling the Summary Plan Description as the Plan Document and conflating a plan and a summary plan description as a single document, Defendant COMMITTEE impermissibly expanded its responsibilities and authority under ERISA by setting Plan terms indirectly by merely including them in the Summary Plan Descriptions.

224. Defendant COMMITTEE's actions in creating a Summary Plan Description and unilaterally labeling the Summary Plan Description as the enforceable Plan document constitutes an unnegotiated enlargement of the rights and authority of Defendant COMMITTEE to the detriment of and at the expense of Plan participants.

225. Because the Summary Plan Description, created by Defendant COMMITTEE, was unilaterally labeled the plan document and enforced against Plaintiff and class members as if it was the plan document, the documents and the instruments purportedly governing the plan were inconsistent with the provisions of subchapter I of ERISA.

226. As a result of Defendants' conduct, as aforesaid, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds, the loss  enjoyment of their funds, their losses in having to free their funds from Defendants' encumbrances, and payment of money from their tort recoveries to

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Defendants.

227. Pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a), and ERISA §404, 29 U.S.C. §1104(a), Defendants are liable to restore the losses caused by their breaches of fiduciary duties.

## COUNT IX
### BREACH OF CONTRACT

228. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

229. RAWLINGS, acting as an agent for COMMITTEE and AETNA, asserted and continues to assert, demand for repayment for the benefits which the plan paid as against Plaintiff's and Class Members' personal injury recoveries.

230. In asserting such reimbursement demands, RAWLINGS acted at the direction and behest, and with the permission and consent, of COMMITTEE and AETNA.

231. In asserting such reimbursement demands, RAWLINGS acted within the course and scope of its retention by, and agency of, COMMITTEE and AETNA.

82. The plan terms provide, in relevant part:
**Subrogation**

In the event that you suffer an injury or sickness as a result of an alleged negligent or wrongful act or omission of a third party, the Princeton University Health Care Plan has the right to pursue subrogation against any person or insurer.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

> The Princeton University Health Care Plan will be subrogated and succeed to your right of recovery against any person or insurer. The Princeton Plan may use this right to the extent of the benefits under the Plan. You must agree to help the Princeton University Health Care Plan use this right when requested.

*See* "About Your Benefits" Summary Plan Description, p.13.

232. Accordingly, the plan terms provide for a right of subrogation. The plan terms do not permit or authorize a right of reimbursement against the member or the member's personal injury recovery directly.

233. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law.

234. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

235. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to the policies and law.

236. Furthermore, Defendants wrongfully asserted claims for reimbursement, continue to wrongfully assert claims for reimbursement or have wrongfully secured payment in reimbursement from Plaintiff and class plaintiffs who were injured and received health benefits from the defendant as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' tort recoveries wherein the class plaintiff insureds had not recovered medical expenses in their underlying litigation.

237. By taking the actions described above, Defendants violated the rights of Plaintiff. Specifically, under the Plan, Plaintiff has rights to health benefits that are not subject to repayment. Accordingly, Defendants' demands for repayment infringes upon and is in derogation of those rights.

238. Defendants' assertion of reimbursement demands as against Plaintiff's and Class Members' personal injury recoveries is a violation of the plan terms and constitutes a breach of the

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

contract between Defendants and Plaintiff and Class members.

239. As a result of Defendants' wrongful reimbursement demands and actions, Plaintiff and class members suffered harm and damages which include, by way of exemplification and not in limitation, the loss of use of money, the loss of interest on money, the loss of possession of their funds; the loss  enjoyment of their funds, their losses in having to free their funds from defendants' encumbrances and payment of money from their tort recoveries to Defendants.

## COUNT X
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

240. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

241.  At all times relevant hereto, Defendants owed a duty of good faith and fair dealing to Plaintiffs as Defendants were acting upon, asserting and acting to enforce purported rights of a policy and contract.

242.  At all times relevant hereto, Defendants knew, or should have known, that the Plan under which they asserted and demanded repayment does not contain a repayment obligation requiring Plaintiff and class members to repay the Defendants.

243. Further, Defendants knew, or should have known, that New Jersey law prohibited Defendants' demands for repayment.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

244. Defendants breached their duty of good faith and fair dealing whereby Defendants, directly or by their agents, made repeated and pervasive representations to Plaintiff and similarly situated Class members that Defendants were legally entitled to liens and/or repayment as from Plaintiff's and class members' personal injury recoveries even though the Plan under which it asserted and demanded repayment does not contain a repayment obligation requiring Plaintiff to repay the Defendants.

245. Defendants breached their duty of good faith and fair dealing whereby Defendants, directly or by their agents, made repeated and pervasive representations to Plaintiff and similarly situated Class members that Defendants were legally entitled to liens and/or repayment as from Plaintiff's and class members' personal injury recoveries even though Defendants knew, or should have known, that New Jersey law prohibited Defendants' liens and/or demands for repayment.

246. Defendants, through their conduct or by their agents, actively, affirmatively and systematically misinformed the insureds that Defendants were entitled to repayment even though the Plan under which it asserted and demanded repayment does not contain a repayment obligation requiring Plaintiff to repay the Defendants.

247. Defendants, through their conduct or by their agents, actively, affirmatively and systematically misinformed the insureds that Defendants were entitled to liens and/or repayment even though New Jersey law prohibited Defendants' liens and/or demands for

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

repayment.

248. Defendants, through their conduct or by their agents, actively and systemically recovered from Plaintiff and class members literally hundreds of thousands of dollars in repayments as to which Defendants were not legally entitled.

249. Defendants, through their conduct or by their agents, actively and systemically stated to Plaintiffs and other Class members that they were obligated to pay liens and make repayment from the injury recoveries when they were not legally entitled to do so.

250. Defendants, through their conduct or by their agents, disseminated false and misleading statements to Plaintiff and other Class members in furtherance of Defendants' scheme to assert and collect liens under health insurance plans against other insureds who received personal injury recoveries even though the policies under which it asserted and demanded repayment do not contain a repayment obligation requiring Plaintiff and class members to repay the Defendants.

251. Defendants' actions as aforesaid demonstrated egregious tortuous conduct.

252. Defendants, through their conduct or by their agents, directed their conduct not just at Plaintiff herein but was part of a pattern of similar conduct directed at the public generally which culminated in defendants having collected hundreds of thousands of dollars in health insurance liens that they were not entitled to

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

enforce or collect under the policy or under New Jersey law.

253. Defendants' wrongful assertion of liens and repayment demands as against Plaintiffs' personal injury recoveries was a breach of Defendants' duty of good faith and fair dealing.

254. Plaintiff has suffered damages as a result of Rawlings's breach of their duty of good faith and fair dealing.

255. As a result of Defendants' breach of its duty of good faith and fair dealing, Plaintiffs are entitled to declaratory, injunctive and monetary relief as set forth hereinafter.

## COUNT XI
## LEGAL FRAUD

256. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-allege the allegations of the preceding paragraphs as if fully restated herein.

257. Defendants represented to Plaintiff that it was entitled to a lien and/or reimbursement from Plaintiff's personal injury recovery.

258. At all times relevant hereto, Defendants knew, or should have known, that the Plan under which they asserted and demanded repayment does not contain a repayment obligation requiring Plaintiff and class members to repay the Defendants.

259. Further, Defendants knew, or should have known, that New Jersey law prohibited Defendants' liens and/or demands for repayment.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

260. Defendants' wrongful assertion of a lien and/or repayment demand as against Plaintiff's personal injury recovery was an intentional misrepresentation of fact.

261. Defendants intended for Plaintiff and class members to rely on Defendants' intentional misrepresentation of fact contained in its lien notices and/or repayment demands.

262. Plaintiff relied to his detriment on Defendants' intentional misrepresentation of fact contained in its lien notices and/or repayment demands.

263. As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered injuries in the form of economic losses.

**COUNT XII**
**UNJUST ENRICHMENT**

264. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-allege the allegations of the preceding paragraphs as if fully restated herein.

265. As a result of the wrongful collection of monies by Defendants, Defendants have benefitted at the expense of Plaintiff, as well as other persons similarly situated.

266. As a result of the wrongful collection of monies by Defendants, Defendants have been enriched at the expense of Plaintiff as well as other persons similarly situated.

267. As a result of the wrongful collection of monies by Defendants, Defendants have enrichment at the expense of Plaintiff

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and other persons similarly situated, was unjust.

**COUNT XIII**
**VIOLATIONS OF NEW JERSEY CONSUMER FRAUD ACT**

268. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

269. The New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-19, prohibits deceptive, fraudulent, and unconscionable commercial practices and dealings in the advertising or sale of merchandise, including insurance policies, as defined in the statute.

270. Defendants committed deceptive, fraudulent, and unconscionable practices and dealings that violate the act and harmed Plaintiff and others similarly situated.

271. Defendants committed deceptive, fraudulent, and unconscionable practices and dealings as defined in the CFA through its fraudulent, deceptive, and unlawful assertion of liens and/or repayment demands against Plaintiff and all class members who were injured and received health benefits under the Plan as a result of an injury causing event for the health benefits it had paid to insureds from the insureds' personal injury recoveries in violation of the Princeton Health Plan and New Jersey law.

272. The aforesaid actions, include, but not limited to:

a. representing that Defendants were entitled to a lien and/or repayment when the Plan did not permit Defendants to assert a lien or repayment demand directly against Plaintiff;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b. representing that Defendants were entitled to a lien, and/or repayment when New Jersey did not permit Defendants to assert lien and/or repayment demand directly against Plaintiff;

c. representing that the Plan terms required Plaintiff to repay Defendants when no Plan document containing said terms existed

d. representing that Defendants were entitled to a lien and/or repayment without reducing their lien and/or repayment demand or recovery by the pro-rata share attorney fees and expenses that Plaintiff and all class members incurred in their underlying litigation.

e. representing that Defendants were entitled to a lien and/or repayment before Plaintiff and all class members had first been made whole and fully compensated for all of their damages and losses

f. representing entitled to representing that Defendants were entitled to a lien and/or repayment against any future personal injury recoveries

273. Defendant's use and/or employment of the methods, actions, conduct and/or practices, as enumerated above, violated the New Jersey Consumer Fraud Act.

274. Defendant used and/or employed the methods, actions, conduct and/or practices, as enumerated above, in connection with its subsequent performance of its obligations under the Plan covering Plaintiff and Class Members.

275. Defendant used and/or employed the methods, actions, conduct and/or practices, as enumerated above, in connection with its subsequent performance of its obligations under the Plan covering Plaintiff and Class Members in order to induce Plaintiff and Class Members to pay to them portions of their personal injury recovery.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

276. Defendant's use and/or employment of the methods, actions, conduct, and/or practices in violation of the Consumer Fraud Act, as enumerated above, caused Plaintiff to suffer an ascertainable loss of money in the amount of $3,719.87.

277. As a result of Defendant's violation of the CFA, Plaintiff is entitled to declaratory, injunctive, and monetary relief, including treble damages.

## COUNT XIV
### (DIRECTING OR PERMITTING CONDUCT OF ANOTHER)

278. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

279. Pursuant to Section 877 of the Restatement (Second) of Torts, a person is subject to liability if he orders or induces the tortious conduct of another, if he knows or should know of circumstances that would make the conduct tortious if it were his own.

280. At all times relevant hereto, Defendants knew, or should have known, that New Jersey law prohibits liens and reimbursement demands by health insurers against insureds' personal injury recoveries.

281. Despite such knowledge, Defendants retained, hired, authorized, induced, and allowed Defendant RAWLINGS to assert liens and/or repayment demands on behalf of Defendants, as against

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff's and other plan members' personal injury recoveries as part of a knowing and systemic effort to secure money from injured persons personal injury recoveries in violation of the Plan and New Jersey law.

282. As a result of Defendants' conduct, Plaintiff and other plan members are entitled to declaratory, injunctive and monetary relief, including punitive damages.

### COUNT XV
### (ACTING IN CONCERT)

283. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

284. Pursuant to Section 876 of the Restatement (Second) of Torts, a party is subject to liability if it does a tortious act in concert with, or pursuant to a common design with, another, or if it knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other.

285. At all times relevant hereto, Defendants knew, or should have known, that RAWLINGS' assertion of liens and/or repayment demands as against Plaintiff's and other plan members' personal injury recoveries, was in violation of the Plan and New Jersey law.

286. In asserting liens and/or demands for repayment as against Plaintiffs' personal injury recoveries, Defendants acted in concert with, and pursuant to a common design with, RAWLINGS as

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

part of a knowing and systemic effort to secure money from injured persons personal injury recoveries in violation of the Plan and New Jersey law.

287. Pursuant to Section 876 of the Restatement (Second) of Torts, Defendants are liable to Plaintiff and other plan members for their assertion of liens and/or demands for repayment as against their personal injury recoveries.

288. As a result of Defendants' conduct, Plaintiff and other class members are entitled to declaratory, injunctive and monetary relief, including punitive damages and set forth hereinafter.

**RELIEF REQUESTED**

288. Plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, repeats and re-alleges the allegations of the preceding paragraphs as if fully restated herein.

WHEREFORE, the plaintiff, Andre Corbitt, individually and on behalf of a Class of Similarly Situated Persons, respectfully requests that this Court enter an Order:

A. Determining that this action is a proper class action, certifying the named Plaintiffs as class representatives for the classes alleged herein and Plaintiffs' counsel as Class Counsel;

B. Awarding judgment as to Count I in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants and declaring that Defendants:

(1) Have no right of reimbursement from the proceeds of tort

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

recovery of the injury causing event in connection with the benefits paid to the plaintiff, ANDRE CORBITT, in connection with injuries sustained in the injury causing event;

(2)   Have no right to reimbursement from class plaintiffs who were injured and received benefits from the defendant as a result of an injury causing event for the disability benefits it had paid to insureds from the insureds' tort recoveries contrary to the policies and law;

(3)   Have no right to reimbursement wherein the defendant did not comply with the policy to not subrogate against the class plaintiff insureds' personal injury recovery for pain and suffering;

(4)   Have no right to reimbursement without reducing its reimbursement demand or recovery by the pro-rata share attorney fees and expenses that the class plaintiff insureds incurred in their underlying litigation contrary to the policies and law;

(5)   Have no right to reimbursement before the class plaintiff insureds had first been made whole and fully compensated for all of their damages and losses contrary to law;

(6)   Have no right to reimbursement wherein the class plaintiff insureds had not recovered disability losses or disability payments in their underlying litigation.

(7)   Awarding interest, counsel fees and costs;

(8)   Such other relief as the Court deems appropriate.

And further awarding judgment as to Count I in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1)   All damages or permissible equitable or permissible monetary relief for benefits in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2)   All damages or permissible equitable or permissible monetary relief for benefits in favor of each named Plaintiff and each Other Similarly Situated Individual in recovery of benefits due under the Plan and in enforcement of rights under the Plan;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(3)   All affirmative and negative injunctive and other permissible equitable or monetary relief for benefits in order to accord to the Plaintiff and each Other Similarly Situated Individual the full and complete measure of benefits which Plaintiff and each Other Similarly Situated Individual entitled to under the Plan and to remedy Defendants' breaches alleged above, as provided by any and all applicable provisions of ERISA;

(4)   Preliminary and permanent relief, including but not limited to enjoining Defendants' actions complained of herein;

(5)   Relief under ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1) to recover benefits due to him under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan;

(6)   All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use of money and the loss of interest on money, arising from Defendants' actions;

(7)   Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of their funds and losses suffered in having to free their funds from defendants' encumbrances;

(8)   Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(9)   All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(10)  All harms and damages arising from the improper reimbursement actions of the defendant;

(11)  The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(12) Judgment equal to the sum of the lien, reimbursement claim or reimbursement asserted by Defendants and any other damages incurred, related to such lien, reimbursement claim and/or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(13) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(14) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(15) Interest on these amounts, as provided by law;

(16) Punitive damages;

(17) Punitive damages to the extent permitted by law;

(18) Such other and further relief as this Court may deem just and proper.

C. Awarding judgment as to Count II in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants and declaring that:

(1) Defendants must comply with N.J.S.A. 2A:15-97;

(2) Defendants are prohibited from enforcing, or attempting to enforce, any policy terms which state, or purport to authorize, a right of reimbursement from the proceeds of tort recovery of the injury causing event in connection with the benefits paid to members of the Plan;

(3) Defendants remove from all of its Plan documents terms which state, or purport to authorize, a right of reimbursement from the proceeds of tort recovery of the injury causing event in connection with the benefits paid to members of the Plan;

(4) All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use of money and the loss of interest on money, arising from Defendants' actions;

(5) Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of their funds and losses suffered in having to free their funds from defendants' encumbrances;

(6) Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(7) All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(8) All harms and damages arising from the improper reimbursement actions of the defendant;

(9) The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

(10) Judgment equal to the sum of the lien, reimbursement claim or reimbursement asserted by Defendants and any other damages incurred, related to such lien, reimbursement claim and/or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(11) Reasonable attorney fees and expenses;

(12) Taxable costs;

(13) Interest on these amounts, as provided by law;

(14) Punitive damages;

(15) Punitive damages to the extent permitted by law;

(16) Such other and further relief as this Court may deem just and proper.

D. Awarding judgment as to Count III in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) All damages and permissible equitable or permissible

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2)   All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3)   Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4)   All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5)   Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §409(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6)   Affirmative and negative injunctive and other appropriate equitable relief to prevent breaches of fiduciary duty in the future;

(7)   Injunction on behalf of CORBITT and ERISA beneficiaries to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(8)   Disclosure and notice to CORBITT and the ERISA beneficiaries as to whom Defendants asserted reimbursement rights or received repayment that Defendants were not entitled to reimbursement as set forth herein.

(9)   Reasonable attorney fees and expenses, as provided by ERISA §502(g), 29 U.S.C. §1132(g), the common fund doctrine, and other applicable law;

(10)  Taxable costs pursuant to 29 U.S.C. §1132(g);

(11)  Interest on these amounts, as provided by law;

(12)  Surcharge;

(13)  Monetary damages against a fiduciary;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(14) All damages Plaintiff and Class members have sustained as a result of Defendants' breach of its Fiduciary Duty as may be permitted under the relevant statutes and law;

(15) Punitive damages;

(16) Punitive damages to the extent permitted by law;

(17) Such other and further relief as this Court may deem just and proper.

E. Awarding judgment as to Count IV in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) All damages and permissible equitable or permissible monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2) All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §404(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6) Injunction on behalf of CORBITT and ERISA beneficiaries to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(7) Disclosure and notice to CORBITT and the ERISA beneficiaries as to whom Defendants asserted

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

reimbursement rights or received repayment that Defendants were not entitled to reimbursement as set forth herein.

(8) All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use of money and the loss of interest on money, arising from Defendants' actions;

(9) Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of their funds and losses suffered in having to free their funds from defendants' encumbrances;

(10) Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(11) All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(12) All harms and damages arising from the improper reimbursement actions of the defendant;

(13) The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

(14) Judgment equal to the sum of the lien or reimbursement asserted by Defendants and any other  incurred, related to such lien or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(15) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(16) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(17) interest on these amounts, as provided by law;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(18) Monetary damages against a fiduciary;

(19) Punitive damages;

(20) Punitive damages to the extent permitted by law;

(21) Such other and further relief as this Court may deem just and proper.

F. Awarding judgment as to Count V in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) All damages and permissible equitable or permissible monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2) All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §404(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6) Injunction on behalf of CORBITT and ERISA beneficiaries to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(7) All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

of money and the loss of interest on money, arising from Defendants' actions;

(8) Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of their funds and losses suffered in having to free their funds from defendants' encumbrances;

(9) Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(10) All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(11) All harms and damages arising from the improper reimbursement actions of the defendant;

(12) The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

(13) Judgment equal to the sum of the lien or reimbursement asserted by Defendants and any other  incurred, related to such lien or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(14) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(15) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(16) interest on these amounts, as provided by law;

(17) Monetary damages against a fiduciary;

(18) Punitive damages;

(19) Punitive damages to the extent permitted by law;

(20) Such other and further relief as this Court may deem

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

just and proper.

G. Awarding judgment as to Count VI in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) All damages and permissible equitable or permissible monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(2) All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §404(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6) Injunction on behalf of CORBITT and ERISA beneficiaries to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(8) All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use of money and the loss of interest on money, arising from Defendants' actions;

(9) Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

their funds and losses suffered in having to free their funds from defendants' encumbrances;

(10) Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(11) All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(12) All harms and damages arising from the improper reimbursement actions of the defendant;

(13) The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

(14) Judgment equal to the sum of the lien or reimbursement asserted by Defendants and any other  incurred, related to such lien or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(15) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(16) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(17) interest on these amounts, as provided by law;

(18) Monetary damages against a fiduciary;

(19)  Punitive damages;

(20)  Punitive damages to the extent permitted by law;

(21) Such other and further relief as this Court may deem just and proper.


H. Awarding judgment as to Count VII in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(1) A declaration that ANDRE CORBITT is not required to exhaust his administrative remedies and/or is deemed to have exhausted his administrative remedies prior to the filing of this suit;

(2) Injunctive and other appropriate equitable relief to enjoin Defendants from engaging in the acts or practices as previously set forth which violate ERISA and the terms of the Plan;

(3) Injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §404(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(4) Injunctive and other appropriate equitable relief to enjoin Defendants' reimbursement actions and practices that are in violation of administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents;

(5) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(6) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(7) interest on these amounts, as provided by law;

(8) Surcharge;

(9) Punitive damages;

(10) Punitive damages to the extent permitted by law;

(11) Such other and further relief as this Court may deem just and proper.

I. Awarding judgment as to Count VIII in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) All damages and permissible equitable or permissible monetary relief for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(2) All permissible equitable or permissible monetary relief to remedy, redress, compensate, cease, prevent and atone for defendant's breach of its fiduciary duties in favor of each named Plaintiff and each Other Similarly Situated Individual;

(3) Actual monetary damages to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(4) All relief and remedy to make good to the Plaintiffs for each and every type and measure of loss resulting from the breaches of fiduciary duties alleged above;

(5) Affirmative and negative injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §404(a) and §502(a), 29 U.S.C. §1104(a) and §1132(a);

(6) Injunction on behalf of CORBITT and ERISA beneficiaries to enjoin Defendants' reimbursement actions and practices that violate ERISA and the Employee Welfare Benefit Plan (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)(a);

(8) All harms and damages suffered by CORBITT and each Other Similarly Situated Individual which include, by way of exemplification and not in limitation, the loss of use of money and the loss of interest on money, arising from Defendants' actions;

(9) Judgement declaring the contractual liens invalid as against personal injury recoveries and a judgment reimbursing all losses sustained by the Plaintiffs for all damages each sustained by the loss of use and possession of their funds; loss use and enjoyment of their funds and losses suffered in having to free their funds from defendants' encumbrances;

(10) Judgment directing the return of all monies of which the named Plaintiff and each other Similarly Situated Individual have been dispossessed as a result of the reimbursement demands and actions by the defendant;

(11) All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

(12) All harms and damages arising from the improper reimbursement actions of the defendant;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(13) The or release of all monies which have been taken, liened, charged, received or encumbered with such monies held, paid or otherwise liened, charged or encumbered be returned or released free of all claims, charges, holds, claims, demands, interest, liens, pretensions;

(14) Judgment equal to the sum of the lien or reimbursement asserted by Defendants and any other  incurred, related to such lien or repayment demand which judgement to be satisfied from monies recovered, encumbered, impleaded, held or taken;

(15) Reasonable attorney fees and expenses, as provided by ERISA § 502(g), 29 U.S.C. §1132(g) the common fund doctrine, and other applicable law;

(16) Taxable costs pursuant to 29 U.S.C. § 1132(g);

(17) interest on these amounts, as provided by law;

(18) Monetary damages against a fiduciary;

(19) Punitive damages;

(20) Punitive damages to the extent permitted by law;

(21) Such other and further relief as this Court may deem just and proper.

J. Awarding judgment as to Count IX in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1) An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

(2) Interest;

(3) Costs;

(4) Attorneys fees;

(5) Such other and further relief as this Court may deem just and proper;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(6)  Along with all other relief requested throughout the Complaint.

K. Awarding judgment as to Count X in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1)  An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

(2)  Interest;

(3)  Costs;

(4)  Attorneys fees;

(5)  Such other and further relief as this Court may deem just and proper;

(6)  Along with all other relief requested throughout the Complaint.

L. Awarding judgment as to Count XI in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

(1)  An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

(2)  Interest on the amount of Plaintiff's claim improperly withheld;

(3)  Punitive damages;

(4)  Such further relief as allowed by the Court or available as remedy;

(5)  Along with all other relief requested throughout the Complaint.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

M. Awarding judgment as to Count XII in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

    (1)    An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

    (2)    All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

    (3)    Such further relief as allowed by the Court or available as remedy;

    (4)    Along with all other relief requested throughout the Complaint.

N. Awarding judgment as to Count XIII in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

    (1)    An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

    (2)    Treble damages;

    (3)    Interest on the amount of the submitted claims not timely paid;

    (4)    Costs and attorney's fees; and

    (5)    Such further relief as allowed by the Court;

    (6)    Along with all other relief requested throughout the Complaint.

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

O. Awarding judgment as to Count XIV in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

   (1)   An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

   (2)   All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

   (3)   Interest;

   (4)   Costs;

   (5)   Attorneys fees;

   (6)   Such other and further relief as this Court may deem just and proper;

   (7)   Along with all other relief requested throughout the Complaint.

P. Awarding judgment as to Count XV in favor of ANDRE CORBITT and each Other Similarly Situated Individual and against Defendants for:

   (1)   An amount which represents the sum of all benefits that named Plaintiff and each other Similarly Situated Individual have been dispossessed of as a result of the reimbursement demands and actions by the defendant;

   (2)   All harms and damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes and law;

   (3)   Interest;

   (4)   Costs;

   (5)   Attorneys fees;

   (6)   Such other and further relief as this Court may deem just and proper;

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

(7)   Along with all other relief requested throughout the
      Complaint.

### JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.


BY:   _____/s/_____
      CHARLES KANNEBECKER, ESQUIRE
      Attorneys for Plaintiffs
      104 West High Street
      Milford, Pennsylvania 18337
      (570) 296-6471
      Kannebecker@wskllawfirm.com

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**VERIFICATION**

I, **ANDRE CORBITT,** certify that I have read the foregoing Complaint and that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

_Andre Corbitt_
ANDRE CORBITT

Dated: January 19, 2021

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF
## MONTGOMERY COUNTY, PENNSYLVANIA

ANDRE CORBITT, Individually and          :
on behalf of a Class of                  :
Similarly Situated Individuals,          :
                                         :
              Plaintiff,                 :
                                         :
        vs.                              :      No. _____
                                         :
TRUSTEES OF PRINCETON UNIVERSITY,        :
PRINCETON UNIVERSITY BENEFITS            :
COMMITTEE, AETNA LIFE INSURANCE          :
COMPANY and THE RAWLINGS                 :
COMPANY, LLC,                            :
                                         :
              Defendants                 :
                                         :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ADDRESSES OF THE PARTIES

Plaintiff

     Andre Corbitt
     c/o Charles Kannebecker, Esq.
     104 W. High. St.
     Milford, PA 18337

Defendants

     Trustees of Princeton University
     1 Nassau Hall
     Princeton, NJ 08544

     Princeton University Benefits Committee
     1 Nassau Hall
     Princeton, NJ 08544

     Aetna Life Insurance Company
     151 Farmington Avenue
     Hartford, CT 06156

     The Rawlings Company, LLC
     1 Eden Pkwy
     La Grange, KY, 40031

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**The**
# Rawlings Company LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

January 09, 2018

Mr. Matthew Solomon
Dion Solomon and Shapiro
1801 Market Street Ste 606
Philadelphia, PA  19103

Re:    Our Client:              Aetna
       Member/Patient:          Andre Corbitt/Andre Corbitt
       Date of Loss:            08/19/2016
       Our Reference No.:       81031658
       Your Client:             Andre Corbitt
       Reimbursement Due:  $3,533.87

Dear Mr. Solomon:

Our client has previously made a claim for medical benefits paid on behalf of the patient referenced above. It is our understanding that a settlement has been reached regarding the claim the patient made against the responsible third party.

Please contact me so that arrangements can be made to satisfy our client's claim before the settlement proceeds are disbursed.

If I do not receive a response within 10 days, I will assume you are no longer involved in this matter and will proceed accordingly.

Sincerely,

Quinten R. Hizey
Recovery Analyst
(502) 814-2630
FAX:  5026320540
qrh@rawlingscompany.com

**BENEFITS PROVIDED BY A SELF-FUNDED ERISA-QUALIFIED PLAN.**

04.01.2018 14:20:34    5026320540    01/25

Case# 2021-00883-0 Docketed at Montgomery County Prothonotary on 01/25/2021 9:32 AM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**The Rawlings Company** LLC
Subrogation Division

Post Office Box 2000
LaGrange, Kentucky 40031-2000

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 587-1279

January 04, 2018

Mr. Matthew Solomon
Dion Solomon and Shapiro
1801 Market Street Ste 606
Philadelphia, PA  19103

Re:    Our Client:              Aetna
       Member/Patient:      Andre Corbitt/Andre Corbitt
       Date of Loss:            08/19/2016
       Our Reference No.:    81031658
       Your Client:             Andre Corbitt

Dear Mr. Solomon:

This letter is sent in follow up to our conversation regarding resolution of the health plan's claim in this matter.  As you know, the health plan has paid claims in the amount of **$3,719.87** in relation to the above incident.

I am authorized to resolve the health plan's claim for payment of **$3,533.87**, which represents a 5% reduction.  This offer is contingent on my understanding that the overall settlement amount is limited to **$72,000.00.**  If your office or your client should later obtain additional funds from any other source in excess of the above amount, the health plan maintains an interest in those funds.  This offer will expire 30 days after the date of this correspondence, unless it is withdrawn sooner.

If this offer is acceptable, please issue payment to The Rawlings Company, LLC, and send the check to my attention at P.O. Box 2000, LaGrange, KY 40031.

If you have any questions, please contact me.

Sincerely,

Quinten R. Hizey
Recovery Analyst
(502) 814-2630
FAX:  5026320540
qrh@rawlingscompany.com