**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDRE CORBITT,** *Individually and on behalf of a Class of Similarly Situated Individuals*, <br><br> **Plaintiff,** <br><br> v. <br><br> **TRUSTEES OF PRINCETON UNIVERSITY,** *et al.*, <br><br> **Defendants.** | **CIVIL ACTION NO. 21-899** |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                            **March 30, 2022**

Plaintiff Andre Corbitt brings this putative class action against the Trustees of Princeton University, the Princeton University Benefits Committee (together, the "Princeton Defendants"), Aetna Life Insurance Company, and the Rawlings Company, LLC, for allegedly violating the Employee Retirement Income Security Act of 1974 ("ERISA") and New Jersey law by demanding reimbursement for benefits Plaintiff received through his employer's health plan.[1] Defendants have moved to dismiss Plaintiff's claims in their entirety. For the reasons discussed below, Defendants' motion will be granted in part and denied in part.

## I.   BACKGROUND[2]

Plaintiff was a beneficiary of the Princeton University Health Care Plan, which the Princeton Defendants sponsored and administered.[3] In 2016, Plaintiff suffered serious injuries in

---

[1] Compl. [Doc. No. 1-1].

[2] The Court accepts these facts alleged in the Complaint as true for the purpose of evaluating Defendants' motion to dismiss.

[3] Compl. [Doc. No. 1-1] ¶ 7.

an accident and received benefits under the Plan.[4] Plaintiff pursued a personal injury lawsuit against the tortfeasors and received compensation after settling his case.[5] While the underlying suit was pending, Defendants sent letters to Plaintiff's personal injury attorney to inform him of their intent to seek reimbursement for the benefits he received.[6] The subrogation provision in the Summary Plan Description ("SPD") states that:

> In the event that you suffer an injury or sickness as a result of an alleged negligence or wrongful act or omission of a third party, the Princeton University Health Care Plan has the right to pursue subrogation against any person or the insurer.
>
> The Princeton University Health Care Plan will be subrogated and succeed to your right of recovery against any person or insurer. The Princeton Plan may use this right to the extent of the benefits under the Plan. You must agree to help the Princeton University Health Care Plan use this right when requested.[7]

Plaintiff reimbursed the Plan and then filed this putative class action in the Montgomery County Court of Common Pleas.[8] Plaintiff alleges that the subrogation provision is unenforceable because it only appears in the SPD, and further avers that this provision does not permit Defendants to seek reimbursement from Plan members.[9] Plaintiff seeks to represent a proposed class consisting of Plan members from whom

---

[4] Compl. [Doc. No. 1-1] ¶¶ 21–22.

[5] Compl. [Doc. No. 1-1] ¶¶ 23–24.

[6] Compl. [Doc. No. 1-1] ¶ 26.

[7] Compl. [Doc. No. 1-1] ¶ 27.

[8] Compl. [Doc. No. 1-1] ¶ 36.

[9] Compl. [Doc. No. 1-1] ¶¶ 28–29, 31.

Defendants demanded reimbursement upon settling their personal injury cases.[10]

Defendants removed the case to this Court and seek to dismiss Plaintiff's claims.[11]

## II.   LEGAL STANDARD

A plaintiff's failure to "state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) will result in the dismissal of the plaintiff's claims.[12] A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."[13] Accordingly, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "All relevant evidence and all reasonable inferences that can be drawn from the record are . . . viewed in the light most favorable to the non-moving party."[15] "[C]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when evaluating a motion to dismiss.[16]

## III.   DISCUSSION

### A.  Failure to Exhaust Administrative Remedies

Defendants first argue that Plaintiff's claim for benefits under the Plan fails because he has not exhausted his administrative remedies. A plaintiff "must exhaust their administrative

---

[10] Compl. [Doc. No. 1-1] ¶ 2.

[11] Not. Removal [Doc. No. 1].

[12] Fed. R. Civ. P. 12(b)(6).

[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Jordan v. Fox Rothschild, O'Brian, & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994) (citation omitted).

[16] *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1198 (3d Cir. 1993).

remedies before seeking judicial relief" when pursuing a claim based on improper subrogation.[17]

"Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous

lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a

nonadversarial method of claims settlement; and to minimize the costs of claims settlement for

all concerned.'"[18]

Plaintiff argues that the Court should not consider exhaustion at the motion to dismiss

stage because "[t]he exhaustion requirement is a nonjurisdictional affirmative defense."[19]

However, the Court may consider dismissal if the allegations in the complaint demonstrate that

the plaintiff has failed to exhaust administrative procedures.[20] In the Complaint, Plaintiff does

not dispute that he did not follow the administrative remedies in the Plan, but alleges that

Defendants' notices were deficient and that Plaintiff should be "deemed to have exhausted the

administrative remedies available under the plan."[21]

Plaintiff contends that exhaustion is not required because Defendants did not satisfy the

adverse benefit determination notice requirement under ERISA, which obligates "plan

administrators [to] 'provide adequate notice in writing to any participant or beneficiary whose

---

[17] *Berger v. Edgewater Steel, Co.*, 911 F.2d 911, 916 (3d Cir. 1990); *see Minerley v. Aetna, Inc.*, 801 F. App'x 861, 866 (3d Cir. 2020).

[18] *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (quoting *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)).

[19] *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007).

[20] *Libock v. Horizon Healthcare Serv., Inc.*, No. 16-2812, 2018 WL 395735, at *3 (D.N.J. Jan. 12. 2018) (citing *Prof'l Orthopedic Assocs., PA v. CareFirst BlueCross BlueShield*, 2016 WL 1338597, at *4 (D.N.J. Apr. 5, 2016). Further, "when considering a motion to dismiss, the district court may consider documents that are attached to the complaint as well as 'undisputedly authentic document[s] that a defendant attaches as . . . exhibit[s] to a motion to dismiss if the plaintiff's claims are based on th[ose] document[s].'" *Mallon v. Trover Solutions Inc.*, No. 11-326, 2014 WL 2532404, at *3 n.3 (E.D. Pa. June 4, 2014) (quoting *Pension Ben. Gaur. Corp.*, 998 F.2d at 1196).

[21] Compl. [Doc. No. 1-1] ¶¶ 200–05.

claim for benefits under the plan has been denied.'"[22] Proper notice includes (1) "the specific

reasons for the denial;" (2) "the plan provisions on which the determination is based;" (3) "a

description of any additional material or information necessary for the claimant to perfect a claim

and a description of why such material or information is necessary;" and (4) "a description of the

plan's review procedures and applicable time limits, including a statement of the claimant's right

to bring civil action under § 502(a)."[23] A notice that is substantially compliant will suffice, if it

provides "a sufficiently clear understanding of the administrator's position to permit effective

review."[24]

      Here, the Plan provided a procedure for challenging "an adverse benefit determination,"

that directed an aggrieved participant to:

> [A]pply for a full and fair review of the claim and the adverse benefit
> determination. You or an appointed representative may appeal and request a
> claim review within 180 days after receiving the denial notice. The request must
> be made in writing and should be filed with the Claims Administrator.[25]

Plaintiff's Complaint includes an excerpt of the "About Your Benefits" SPD that describes the

plan's subrogation rights.[26] Two letters appended to the Complaint show that the Rawlings

Company corresponded with Plaintiff's personal injury attorney regarding subrogation, but do

not, for example, include a description of the plan's review procedures and applicable time

limits, or other information in the statute. Defendants attached to their reply brief a letter to

Plaintiff's personal injury attorney stating that the Plan had a "lien/claim for medical benefits"

---

[22] *Mallon v. Trover Solutions Inc.*, 613 F. App'x 142, 144 (3d Cir. 2015) (quoting 29 U.S.C. § 1133(1)).

[23] *Id.* (citing 29 C.F.R. § 2560.503–1(g)(i)–(iv)).

[24] *Brogan v. Holland*, 105 F.3d 158, 165 (4th Cir. 1997).

[25] Defs.' Mot. Dismiss Ex. 2 [Doc. No. 6-2] at 34.

[26] Compl. [Doc. No. 1-1] ¶ 27.

and an email to the same attorney stating that the SPD and the "ERISA Affidavit" were attached, although the attachments cannot be viewed in the exhibit.[27]

  "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."[28] In his sur-reply memorandum, Plaintiff refers to these documents as "purported" but appears to concede that the SPD was sent at the request of the personal injury attorney and argues that the "demand letters were sent without the SPD attached and did not reference any portion of the SPD."[29] Given the seeming dispute over these documents, the fact-sensitive inquiry required to determine whether the notice Plaintiff received was substantially compliant, and recognizing that courts look to all of the communications between the parties when assessing the adequacy of notice,[30] the Court will not dismiss Count I at this time.[31]

### B.     Preemption

Defendants next argue that ERISA preempts Plaintiffs' state law claims. ERISA's civil enforcement provisions, found in § 502(a), completely preempt state law causes of action where "(1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal

---

[27] Compl. [Doc. No. 1-1] at ECF pages 84–85; Defs.' Reply Ex. 1 [Doc. No. 10-1].

[28] *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.

[29] Pl.'s Sur-Reply Opp'n Mot. Dismiss [Doc. No. 11] at 1–2.

[30] *See Mallon*, 613 F. App'x at 144 (affirming district court's dismissal of the plaintiff's claim "in light of all the communications between the parties.").

[31] Plaintiff further argues that he should be excused from exhausting administrative remedies on futility grounds. A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so. *Berger*, 911 F.2d at 916–17. To "merit waiver of the exhaustion requirement," a plaintiff must "provide a 'clear and positive showing of futility.'" *Harrow*, 279 F.3d at 249 (quoting *Brown v. Cont'l Baking Co.*, 891 F. Supp. 238, 241 (E.D. Pa. 1995)). As it is premature to determine whether Plaintiff may be excused from satisfying the exhaustion requirement due to deficiencies in the notice he received, the Court declines to consider the applicability of the futility exception at this stage.

duty supports the plaintiff's claim."[32] "[C]ourts have held that a legal duty is 'independent' if it is not based on an obligation under an ERISA plan, or if it would exist whether or not an ERISA plan existed."[33] Additionally, "a state statute is preempted by ERISA if it provides a form of ultimate relief in a judicial forum that added to the judicial remedies provided by ERISA, or stated another way, if it duplicates, supplements, or supplants the ERISA civil enforcement remedy."[34]

Further, § 514(a) expressly "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" subject to ERISA.[35] "[A] state law relates to a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan."[36] ERISA can expressly preempt claims brought under state common law.[37]

Plaintiff alleges that Defendants violated New Jersey's collateral source statute as well as the New Jersey Consumer Fraud Act ("CFA").[38] Plaintiff also brings six common law claims against Defendants, including claims for breach of contract, breach of the duty of good faith and fair dealing, legal fraud, unjust enrichment, directing or permitting conduct of another, and acting in concert.[39] Plaintiff's sole argument against preemption is that the health plan at issue

---

[32] *N.J. Carpenters and the Trustees Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (citing *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)).

[33] *Id.* (citation omitted).

[34] *Barber v. Unum Life Ins. Co. Am.*, 383 F.3d 134, 140 (3d Cir. 2004) (citations and quotations omitted).

[35] 29 U.S.C. 1144(a).

[36] *Pilot Life Ins. Co. v. Dedeaux*. 481 U.S. 41, 47 (1987) (quotations omitted).

[37] *Nat'l Sec. Sys. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012).

[38] Compl. [Doc. No. 1-1] ¶¶ 102–08, 268–77.

[39] Compl. [Doc. No. 1-1] ¶¶ 228–39, 240–55, 256–63, 264–67, 278–82, 283–88.

contains a choice-of-law provision stating that "[t]he plan will be construed and enforced according to New Jersey law."[40]

The Third Circuit has held that a claim concerning whether an "ERISA plan wrongfully sought reimbursement of previously paid health benefits" is a "claim for 'benefits due'" under § 502(a).[41] Plaintiff offers no pertinent authority to support the contention that a choice-of-law provision in a healthcare plan that is subject to ERISA defeats preemption, and the cases specifically addressing the issue reject this contention.[42] Plaintiff has not argued that any of his state law claims satisfy an exclusion under ERISA's express preemption provision, "which must be interpreted in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a)."[43] Claims under New Jersey's collateral source statute and claims arising under the CFA are expressly preempted.[44] ERISA also expressly preempts fraud, breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing claims.[45] As all of Plaintiff's state law claims concern Defendants' exercise of the Plan's subrogation clause, they

---

[40] Pl.'s Brief Opp'n Mot. Dismiss [Doc. No. 8] at 9.

[41] *Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005).

[42] *See Zgrablich v. Cardone Indust., Inc.*, No. 15-4665, 2016 WL 427360, at *7 (E.D. Pa. Feb. 3, 2016) ("The Third Circuit has never recognized the right of a party to contractually choose state law as the law governing an ERISA plan."); *see also Prudential Ind. Co. of Am. v. Doe*, 140 F.3d 785, 719 (8th Cir. 1998) ("[P]arties may not contract to choose state law as the governing law of an ERISA-governed benefit plan.").

[43] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 217 (2004).

[44] *See Levine*, 402 F.3d at 163–66; *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 294–95 (3d Cir. 2014).

[45] *See Levine*, 402 F.3d at 163–66; *Menkes*, 762 F.3d at 296; *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 241–42 (3d Cir. 2020) (holding that unjust enrichment claims are expressly preempted where a defendant's duty depends on the existence of an ERISA plan); *see also Roche v. Aetna, Inc.*, 167 F. Supp. 3d 700, 711 (D.N.J. 2016) (dismissing CFA, misrepresentation, breach of contract, conversion, and unjust enrichment claims due to preemption under ERISA).

are preempted under ERISA.[46] Accordingly, Plaintiff's state law claims (Count I and Counts IX through XV) will be dismissed with prejudice.

### C. Breach of Fiduciary Duty Claims

#### 1. *Counts III-VI*

Defendants seek to dismiss Plaintiff's fiduciary claims under ERISA, and first contend that four of Plaintiff's breach of fiduciary duty claims should be dismissed as duplicative of Plaintiff's benefits claim. These claims fall under § 502(a)(3), which permits a beneficiary to bring an action for breach of a fiduciary duty to obtain equitable relief.[47] Although courts "agree that a beneficiary may not ultimately recover under both § 502(a)(1) and § 502(a)(3)" they "have split regarding how that prohibition impacts a beneficiary's ability to plead under both provisions simultaneously."[48]

At this early stage in the litigation, Defendants' "argument is premature as Plaintiff[] may plead in the alternative, and the merits are better addressed on a more developed record."[49] Although Plaintiff seeks both damages and equitable relief when only equitable relief is available for these claims, the Court will not dismiss them on that basis alone.[50] Accordingly, Defendants' motion to dismiss Counts III through VI will be denied.

---

[46] *See Levine*, 402 F.3d at 163–66; *Menkes*, 762 F.3d at 296.

[47] *Varity Corp. v. Howe*, 516 U.S. 489, 512–13 (1996).

[48] *Freitas v. Geisinger Health Plan*, 542 F. Supp. 3d 283, 310 (M.D. Pa. 2021).

[49] *Danko v. Nat'l RR Passenger Corp.*, 234 F. Supp. 3d 655, 659 (E.D. Pa. 2017).

[50] *Shah v. Aetna*, No. 17-195, 2017 WL 2918943, at *2 (D.N.J. July 6, 2017) (collecting cases).

2.  *Count VII*

Defendants next argue that Plaintiff's claim for breach of a fiduciary duty under § 503 and its accompanying regulation, 29 C.F.R. § 2560.503-1, should be dismissed because ERISA does not provide a private cause of action for the conduct alleged. The Third Circuit has held that "§ 503 sets forth the basic requirements governing ERISA plans. To that end, a plan that does not satisfy the minimum procedural requirements of § 503 and its regulations operates in violation of ERISA."[51] There is not a consensus regarding whether 29 C.F.R. § 2560.503-1 creates a separate cause of action for plaintiffs, but most district courts in this circuit that have considered the issue have found that it does not.[52] As "§ 503 and its regulations 'set[] forth only the disclosure obligations of "the Plan" and . . . do[] not establish that those obligations are enforceable through the sanctions of ERISA's civil enforcement provision,'" many courts have inferred that this cause of action is unavailable.[53] Further, the only relief that the Third Circuit has recognized for such violations "is to remand to the plan administrator so the claimant gets the benefit of a full and fair review."[54]

Here, Plaintiff alleges that the Plan violated § 503 and 29 C.F.R. § 2560.503-1 because it "failed to establish and follow reasonable claims procedures" and "did not follow its administrative processes when it failed to provide Plaintiff a Notice of Adverse Benefits

---

[51] *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 851 (3d Cir. 2011).

[52] *See, e.g., Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 16-9253, 2017 WL 3610486, at *5 (D.N.J. Aug. 22, 2017) (holding that this regulation does not create a private cause of action); *Shah*, 2017 WL 2918943, at *3 (same); *but see Freitas*, 542 F. Supp. 3d 283 at 313–15 (declining to dismiss a breach of fiduciary duty claim premised on violations of 29 C.F.R. § 2560.503-1).

[53] See *Shah*, 2017 WL 2918943, at *3 (quoting *Syed v. Hercules, Inc.*, 214 F.3d 155, 162 (3d Cir. 2000); and then citing *Ashenbaugh v. Crucible Inc., 1975 Salaried Ret. Plan*, 854 F.2d 1516, 1532 (3d Cir. 1988)).

[54] *Syed*, 214 F.3d at 162.

Determination."[55] Plaintiff contends that this cause of action is still viable as he is solely seeking

equitable relief for these alleged violations.[56] As the Third Circuit has held that § 503 and 29

C.F.R. § 2560.503-1 are unenforceable through ERISA's civil enforcement mechanism, a

separate cause of action is unavailable in this instance. The fact that Plaintiff solely seeks

equitable relief for this claim is inconsequential, and this claim will be dismissed with prejudice.

3.   *Count VIII*

Lastly, Defendants seek to dismiss Plaintiff's claim for breach of a fiduciary duty, which

Plaintiff claims was breached when Defendants used the SPD both as an operative plan

document and as a summary plan description instead of having separate documents.[57] Under

ERISA, "[a] summary plan description of any employee benefit plan shall be furnished to

participants" and "shall be sufficiently accurate and comprehensive to reasonably apprise such

participants . . . of their rights and obligations under the plan."[58] Further, "[e]very employee

benefit plan shall be established and maintained pursuant to a written instrument."[59] Under

limited circumstances, including when the only plan document is the SPD, the SPD may

simultaneously fulfill ERISA's requirement for a written instrument and an SPD.[60]

---

[55] Compl. [Doc. No. 1-1] ¶¶ 185, 195, 203.

[56] Pl.'s Brief Opp'n Mot. Dismiss [Doc. No. 8] at 12.

[57] Defs.' Mem. Law Supp. Mot. Dismiss [Doc. No. 6] at 13; *see* Compl. [Doc. No. 1-1] ¶¶ 212–25.

[58] 29 U.S.C. § 1022(a).

[59] 29 U.S.C. § 1102(a)(1).

[60] *See, e.g., MBI Energy Services v. Hoch*, 929 F.3d 506, 511 (8th Cir. 2019) ("[T]he SPD is the Plan's written instrument because it is the only document providing benefits."); *Rhea v. Alan Richey, Incorporated Welfare Benefit Plan*, 858 F.3d 340, 344 (5th Cir. 2017) ("When the Plan paid [the plaintiff's] medical expenses, its SPD was functioning as both an SPD and a written instrument. That is nothing peculiar: Plan sponsors commonly use a single document to satisfy both requirements, and courts have blessed the practice."); *Feirfer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1209 (2d Cir. 2002) ("Although the Program Summary contains the disclaimer that it was 'not intended to cover all details of the Plan' and that the 'actual provisions of the Plan will govern,' we reject the notion that this disclaimer renders the Program Summary a non-plan during the period when it was the only written

11

Plaintiff argues that Defendant's position undermines the Supreme Court's holding in *Cigna Corporation v. Amara*,[61] which concerned "a conflict between an SPD and a written instrument," not the issue of "whether an SPD can function as a written instrument."[62] Plaintiff's argument is unpersuasive; the Complaint alleges that Defendants violated ERISA because a separate written instrument did not exist, not that the SPD conflicted with another document.[63] Additionally, Plaintiff contends that the SPD must be formally adopted or designated as a formal plan document to be enforceable, but has failed to identify authority that suggests this is correct when there are no other plan documents. Accordingly, this claim will be dismissed.[64]

## IV.   CONCLUSION

At this early stage, Plaintiff may proceed with his benefits claim and breach of fiduciary claims in Counts I, III, IV, V, and VI. Under ERISA's preemption provisions, Plaintiff's state law claims contained in Counts II, IX, X, XI, XII, XIII, XIV, and XV will be dismissed. Likewise, Count VII will be dismissed for alleging a nonexistent cause of action, and Count VIII will be dismissed for failure to state a claim upon which relief may be granted. An order will be entered.

---

document describing benefits."); *Montvale Surgical Ctr., LLC v. Connecticut Cent. Life Ins. Co.*, No. 12-5257, 2016 WL 4204548, at *2 (D.N.J. Aug. 8, 2016) ("[I]n the absence of any other formal plan document, the SPD *is* the formal plan document.") (emphasis original).

[61] 563 U.S. 421 (2011).

[62] *Rhea*, 858 F.3d at 345; *see* Pl.'s Brief Opp'n Mot. Dismiss [Doc. No. 8] at 12–15.

[63] *See* Compl. [Doc. No. 1-1] ¶¶ 216–25.

[64] Plaintiff contends that he "is entitled to discovery on whether a separate written plan document that is referenced in the SPD exists, and whether that document authorizes Defendants' demands for reimbursement." Pl.'s Brief Opp'n Mot. Dismiss [Doc. No. 8] at 14 n.3. As Plaintiff's claim is premised on the notion that the SPD is the sole plan document, discovery on this issue can only proceed if Plaintiff plausibly pleads that the SPD does not meet the requirements of a written instrument under ERISA for other reasons.