## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRE CORBITT, Individually and on behalf of a Class of Similarly Situated Individuals,**<br><br>                    **Plaintiff,**<br><br>**v.**<br><br>**TRUSTEES OF PRINCETON UNIVERSITY, PRINCETON UNIVERSITY BENEFITS COMMITTEE, AETNA LIFE INSURANCE COMPANY, and THE RAWLINGS COMPANY, LLC**<br><br>                    **Defendants.** | **No. 2:21-cv-00899** |

## CONFIDENTIALITY AGREEMENT AND
## STIPULATED PROTECTIVE ORDER

**IT APPEARING** that certain information and documents to be produced in this action by Plaintiff Andre Corbitt or any putative class members ("Plaintiff"), by Trustees of Princeton University, Princeton University Benefits Committee, Aetna Life Insurance Company and The Rawlings Company, LLC ("Defendants"), or by third parties to this action, may contain proprietary information, trade secrets or other confidential information, and

**SO AS** to preserve and maintain the confidentiality of such documents to be produced,

**IT IS HEREBY STIPULATED AND AGREED** by and between counsel for the Plaintiff and counsel for Defendants, as evidenced by their signatures

below, and as further

**SO ORDERED AS APPROVED BY THE COURT,** as follows:

1.     The terms "party" as used in this Confidentiality Agreement and Stipulated Protective Order, *e.g.*, "producing party," "receiving party," and "designating party," refers both to the parties to this litigation and to any third parties who may produce discoverable material in this litigation.

2.     Documents to be produced in this litigation that contain either Confidential Material or Confidential Health Information (as defined herein) shall hereafter be referred to as "Protected Documents."

(a)     When used in this Confidentiality Agreement and Stipulated Protective Order, the word "documents" shall be given its broadest meaning under the Federal Rules of Civil Procedure and includes, but is not limited to, all written material or tangible items, whether stored on paper or electronically, videotapes, photographs, emails, and databases, and further includes, but is not limited to, internal reports, policies, manuals, training materials, application processes for benefits, investigative procedures for claims and other internal corporate documents, information revealed in initial disclosures, information revealed during a deposition, and information revealed in an interrogatory answer.

(b)     "Confidential Material" means:

(1)     information which is not in the public domain and contains a trade secret or competitively sensitive information (such as prices, rates, or proprietary business methods);

(2)     non-public business information if, in the reasonable judgment of the producing party, the public dissemination of the information would result in prejudice or harm to the producing party;

(3)     confidential research, development, or commercial information if, in the reasonable judgment of the producing party, the public dissemination of the information would result in prejudice or harm to the producing party;

(4)     protected personal information and personal data identifiers (such as social security numbers);

(5)     information pertaining to Defendant's customers or members that is not publicly available, including private consumer information that contains identifying contact or private information provided by a consumer, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any non-public personal information, including any non-public personal information such as that identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*;

(6)     non-public communications with regulators or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(7)     information relating to non-public administrative or regulatory proceedings;

(8)     any other non-public financial and proprietary information; and

(9)     all documents otherwise properly subject to a confidentiality order under Rule 26(c) of the Federal Rules of Civil Procedure.

(c)    "Confidential Health Information" means information which could be used to ascertain the identity or medical condition of an insured who has not affirmatively given the producing party consent to provide said information to the receiving party or designating party.  Such information includes, but is not limited to, "protected health information" as the term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, *see* 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"), as well health information protected by Medical Record Confidentiality, 28 Pa. Code §§ 115.27, 115.32, and 563.9, the Hospital Patient's Bill of Rights, 28 Pa. Code § 103.22, the Physician-Patient Privilege, 42 Pa. C.S. § 5929, or other statutory or common law protections of individuals personal health information.  "Confidential Health Information" also includes, but is not limited to:

(1)    medical bills, claim forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests that identify an individual;

(2)    notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information" if such items identify an individual; and

(3)    identification of insureds, claimants, participants and/or beneficiaries, their medical conditions and treatments.

4

(d)     The special treatment afforded the Protected Documents under this Confidentiality Agreement and Stipulated Protective Order shall include:

(1)     All documents previously or hereafter designated as confidential;

(2)     All copies, extracts, or complete or partial summaries prepared from such documents;

(3)     Any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts, or summaries; and

(4)     Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts, or summaries.

3.     Except as otherwise indicated below, documents designated as "Confidential -- Subject to Protective Order" that are produced or delivered by the parties, and/or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and given confidential treatment as described below.  The parties will designate all materials that contain "Confidential Material" or "Confidential Health Information" at the time of production by noting on the document that it is "Confidential -- Subject to Protective Order," or by a separate written communication that identifies the designated documents by bates-stamp number.  Confidential Material or Confidential Health Information contained in deposition transcripts shall be designated on the record during a deposition or in

writing delivered within twenty days of receipt of the deposition transcript; all information contained in a deposition transcript shall be treated as a Protected Document until twenty days following delivery of the deposition transcript.

4.      Prior to designating any material as a Protected Document, a party must make a good faith determination that the material is subject to the protections of this Order.  When producing documents containing "Confidential Material" or "Confidential Health Information," the producing party may redact the "Confidential Material" and "Confidential Health Information" not relevant to this litigation.

5.      If a receiving party disputes that a document contains "Confidential Material" or "Confidential Health Information," or that the information redacted is relevant to this litigation, the receiving party shall so notify the producing party and the parties shall endeavor to resolve the dispute in good faith.  If the dispute cannot be resolved, the receiving party shall notify the producing party in writing and the producing party may, within fourteen (14) days of receiving such notice, move the Court for an order preserving the designated status of such information; all parties shall treat any disputed documents as Protected Documents in accordance with this Protective Order until the Court rules.

6.      A document mistakenly produced or disclosed containing "Confidential Material" or "Confidential Health Information" but not designated as

"Confidential -- Subject to Protective Order," may be subsequently designated as "Confidential -- Subject to Protective Order" pursuant to the terms of this Order within fourteen (14) days of the party's or third party's discovery that the document was subject to this Order and was produced without the appropriate designation.  Additionally, any party to the litigation, or third party subject to discovery, may designate as protected any documents or discovery produced by any other party or any third party within fourteen (14) days of the designating party's discovery, following its or its counsel's review of the document or discovery material, that the document or discovery material was provided or produced without such designation.  In each such case, the party or third party designating the document as a Protected Document shall provide to the receiving party or parties written notice of that designation and, as necessary, a copy of the document marked or identified in accordance with Paragraph 3, above.  The inadvertent or unintentional disclosure by the producing party of a Protected Document regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or third party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

7.    Upon a claim of inadvertent production of privileged documents, the receiving party (i) shall return the original and all copies of such documents to the

producing party, or (ii) provide written assurance to the producing party that all such copies have been destroyed, within five days.  The receiving party shall not use such information for any purpose until further order of the Court.  However, if the receiving party contests the inadvertent production, such party shall retain all copies of the document under dispute segregated from other documents in a file marked "INADVERTENT PRODUCTION – PRIVILEGE DISPUTED."  The producing party shall then have twenty-one (21) days after such a challenge in which to file a motion seeking recovery of the privileged document, unless the parties agree to extend that period of time.  The document shall not be used in a deposition or court filing until the claim of privilege is resolved and thereafter in any manner if such claim is upheld.  If the claim is upheld, all copies of such document shall be returned to the producing party.  The inadvertent production of privileged material shall in no case constitute a waiver of any rights by the producing party with regard to any other document or other information.

8.      Both the Protected Documents and the information contained therein shall be treated as confidential.  Except upon the prior written consent of the producing party or upon further Order of this Court, the Protected Documents or information contained therein may be shown, disseminated, or disclosed only to the following persons:

(a)     The parties' counsel of record and any other counsel retained by a party to represent the party in this case, as well as employees of retained counsel to whom it is necessary that the material be shown for purposes of this litigation, provided that the counsel is not a competitor of, or employed by a competitor of, a party;

(b)     Independent technical experts and consultants retained by a party for the preparation or trial of this case, provided that the technical expert or consultant is not a competitor of, or employed by a competitor of, a party;

(c)     Employees, agents or representatives of the non-producing party, including in-house counsel, insofar as it is reasonably necessary for them to review the same for purposes of assisting or advising the non-producing party with respect to this litigation, provided that these persons are not competitors of, or employed by a competitor of, a party;

(d)     Any mediator agreed to by the parties or ordered by the Court;

(e)     Deponents and trial witnesses;

(f)     Any court reporter employed for purposes of depositions or trial in this litigation, including persons operating video recording equipment at video depositions, as well as employees of copy centers, document scanning services, or similar contractors used by the parties for purposes of reproducing or managing documents produced in connection with this litigation;

(g)     Authors, addressees, and recipients of particular information containing "Confidential Material" or "Confidential Health Information" and designated "Confidential -- Subject to Protective Order," solely to the extent of disclosing such information of which they are an author, addressee, or recipient; and

(h)     In the case of individuals who received medical treatment, the "Confidential Material" or "Confidential Health Information" as it relates to their treatment, care, diagnosis, or claims for payment made by them or on their behalf.

9.     Before acquiring access to any of the Protected Documents or the information contained therein, each person described in paragraphs 8(a) through 8(f) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing, by signing a copy of Exhibit A to this Protective Order, to be bound by its terms and to submit to the jurisdiction of this Court.   Counsel for the parties shall be responsible for maintaining a list of all persons to whom such documents are disclosed as well as copies of the agreements in the form of Exhibit A signed by them.

10.     To the extent that Protected Documents or information contained therein is used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order.

11.     Notwithstanding any other terms of this Order, when a party or third

party files documents designated as "Confidential -- Subject to Protective Order," with the Court, or refers to such documents or information in a pleading or brief, such documents or information shall either be appropriately redacted or filed under seal, and the party or third party must accompany the filing with a separate, sealed Motion to Seal that explains to the Court the justification for preventing public disclosure of the documents or information.  If a party or third party fails to file Protected Documents or information under seal or to redact such documents as necessary to protect Confidential Material or Confidential Health Information, any other party may request that the Court place the filing under seal by appropriate motion to the Court.

12.    Confidentiality under this Order is to be maintained both during and after final disposition of this matter.  Three months following the final, non-appealable resolution of this matter, all Protected Documents shall be returned to the producing party or shall be destroyed.  If documents are destroyed rather than returned to the producing party, the producing party shall be so notified in writing within seven business days of the destruction.

13.    Nothing in this Order is intended to limit a producing party's use, disclosure, or communication of its own Protected Documents, nor to prevent the producing party from disclosing the Protected Documents to any person.  Such disclosures shall not affect any designation of confidentiality made pursuant to the

terms of this order, so long as the disclosure is made in a manner reasonably calculated to maintain the confidentiality of the information.

14.     This Order is not intended to foreclose or resolve any objections that may be made to the admissibility of Protected Documents pursuant to the Federal Rules of Evidence or other applicable law.

15.     This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16.     Upon motion of any party herein and for good cause shown, the Court may modify the terms of this Confidentiality Agreement and Stipulated Protective Order.

17.     Nothing in this Confidentiality Agreement and Stipulated Protective Order shall affect any privilege or right which any party might otherwise have against the discovery of any materials sought by any other party herein. Notwithstanding this Confidentiality Agreement and Stipulated Protective Order, any party may move the Court for an Order imposing additional restrictions upon discovery of documents or other material, including but not limited to, an Order that production thereof not be had.

18.    It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Confidentiality Agreement and Stipulated Protective Order by any person, to promptly notify counsel for the opposing and producing parties of such breach or threatened breach.

19.    All Protected Documents produced in this suit, whether by a party or nonparty, and whether pursuant to subpoena, agreement, or otherwise, and all information contained in them or derived from them, shall be used solely for the preparation and trial of this lawsuit (including any appeals and/or retrials), and shall not be used for any other purpose, including business, governmental, or commercial, or in any other administrative, arbitration, or judicial proceedings or actions.  No party receiving Protected Documents shall make use of such Protected Documents, or any information contained therein, for any purposes whatsoever other than the prosecution or defense of this action; nor shall any Protected Documents, or any information contained therein, be disclosed by any such party except as proved by this Confidentiality Agreement and Stipulated Protective Order.

**STIPULATED AND AGREED TO** this 16th day of June, 2022.

**LAW OFFICE OF CHARLES KANNEBECKER**

By:     /s/ *Charles Kannebecker*
        Charles Kannebecker, Esquire
        104 W. High Street
        Milford, PA  18337
        570-296-6471
        kannebecker@wskllawfirm.com

        *Attorney for Plaintiff,*
        *Andre Corbitt, Individually and*
        *on behalf of a Class of Similarly Situated Individuals*

**ELLIOTT GREENLEAF, P.C.**

        /s/ *John P. Elliott*
        Timothy T. Myers
        John P. Elliott
        Kyle M. Elliott
        Thomas B. Helbig, Jr.
        ELLIOTT GREENLEAF, P.C.
        925 Harvest Drive, Suite 300
        Blue Bell, PA 19422
        215.977.1000 (phone)/215.977.1099 (fax)
        jpe@elliottgreenleaf.com

        *Attorneys for Defendants*

**APPROVED AND SO ORDERED**

Date: July 13, 2022

                                    **/s/ Cynthia M. Rufe**
                                    _____
                                    Cynthia M. Rufe
                                    United States District Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDRE CORBITT, Individually and on behalf of a Class of Similarly Situated Individuals,** | |
| **Plaintiff,** | **No. 2:21-cv-00899** |
| **v.** | |
| **TRUSTEES OF PRINCETON UNIVERSITY, PRINCETON UNIVERSITY BENEFITS COMMITTEE, AETNA LIFE INSURANCE COMPANY, and THE RAWLINGS COMPANY, LLC** | |
| **Defendants.** | |

### AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____**,** state that:

1.      My address is: _____.

2.      My present employer is _____, and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understand the provisions of the Confidentiality Agreement and Stipulated Protective Order in this case, and I agree to comply with and be bound by all of the terms, conditions and provisions therein.

5.      I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Agreement and Stipulated Protective Order, any Protected Documents, including any complete or partial summaries, words or

abstracts prepared from such documents.

6.     I will limit the use of such Protected Documents disclosed to me solely for the purpose of this action.

7.     I further understand that any non-inadvertent violation of any of the terms of the Confidentiality Agreement and Stipulated Protective Order may be deemed an act in contempt of Court and may be punishable as such; and

8.     That upon the final conclusion of this action, whether by judgment, settlement, or otherwise, I will return all Protected Documents, including any complete or partial summaries, words or abstracts prepared from such documents which come into my possession, and any documents or things which I have prepared relating thereto, to counsel for the party for or with whom I worked, was employed or retained in the action.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____          _____
                    (Date)                              (Signature)


                                          _____
                                                       (Print Name)